Robert GOODELL, Plaintiff,

v.

RALPHS GROCERY CO., Defendant.

No. CIV.S–001960WBSGGH.

United States District Court, E.D. California.

June 26, 2002.

28 U.S.C. § 2674.

Mark Dee Potter, Center for Disability Access, San Diego, CA, for plaintiff.

Stacey McKee Knight, Katten Muchin Zavis Rosenman, Los Angeles, CA, for defendant.

## MEMORANDUM AND ORDER RE: ATTORNEY'S FEES

SHUBB, District Judge.

Defendant Ralphs Grocery Co. moves for an award of attorney's fees against plaintiff Robert Goodell pursuant to section 12205 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, and section 55 of the California Disabled Persons Act, Cal. Civ.Code § 55.

### I. *Introduction*

Plaintiff sued defendant under the ADA and California law alleging that he was discriminated against because of his disability due to barriers to access in the parking lot outside of the Ralph's grocery store owned by defendant. Plaintiff sought both monetary and injunctive relief against defendant. At trial, plaintiff presented no evidence that defendant at any time owned, leased, operated, controlled or otherwise had any legal or equitable interest in the parking area outside of its store. (April 16 2002 Findings of Fact and Conclusions of Law at 2.) Because of plaintiff's complete failure to prove some legal or contractual connection between defendant and the premises at issue, the court entered judgment in favor of defendant on all of plaintiff's claims. (*Id.* at 2–3.) Defendant now requests attorney's fees totaling $61,535.79.

### A. *Attorney's Fees Under the ADA*

The ADA provides that "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee. . . ." 42 U.S.C. § 12205. Where the prevailing party in an ADA action is the defendant, the court may award fees only if the plaintiff's action was "frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (internal quotations omitted) (applying test articulated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) to fees and costs for prevailing defendants in ADA cases).

As of the time of trial, there was absolutely no possibility that plaintiff could succeed on his claim, because plaintiff's counsel had no evidence of any connection between defendant and the parking spaces about which plaintiff complained. There is no way for the court to know whether no such evidence existed or whether plaintiff's attorneys simply neglected to gather such evidence through discovery or otherwise. Accordingly, the court cannot conclude

that plaintiff's action was "frivolous, unreasonable, or without foundation." *Id.* Therefore, defendant is not entitled to recover fees under the ADA.

### B. *Attorney's Fees Under California Law*

#### 1. *Applicable Standard*

Because the court granted judgment to defendant on plaintiff's state law claims as well as his ADA claim, defendant also seeks to recover attorney's fees pursuant to California law. While the ADA grants the court discretion to award attorney's fees, a fee award to a prevailing party under the California Disabled Persons Act ("CDPA") is not discretionary. Section 55 of the CDPA provides:

> The prevailing party in [an] action [brought under the CDPA] *shall* be entitled to recover reasonable attorney's fees.

Cal. Civ.Code § 55 (emphasis added). A "prevailing party" includes a defendant "as against those plaintiffs who do not recover any relief against that defendant," unless "the context clearly requires otherwise." Cal.Code Civ. Proc. § 1032(a)

Because the court entered judgment in favor of defendant, plaintiff did not recover any relief against defendant. Therefore defendant is a prevailing party. Despite the plain language of the statute that the prevailing party "shall" be entitled to a reasonable attorney's fee, plaintiff contends that the court should import the standard for attorney's fees under the ADA into California law and deny defendant its fees.

After the ADA was passed in 1990, section 54.1 of the CDPA was amended to provide that a violation of the ADA constitutes a violation of its provisions. *See* Cal. Civ.Code § 54.1(d) (as amended in 1996). Plaintiff contends that by incorporating the substantive provisions of the ADA into section 54.1, the California legislature also incorporated the federal standard for awarding attorney's fees to prevailing defendants under section 55. However, just because section 54.1 incorporates the ADA does not mean that in analyzing every other section of the CDPA, the courts must look to federal law. While federal authority is relevant to determining the question of liability under the CDPA, *see Hankins v. El Torito Restaurants, Inc.*, 63 Cal.App.4th 510, 523–24, 74 Cal.Rptr.2d 684 (1998) (holding that the ADA's structural requirements as well as its requirements that places of public accommodation adopt certain policies and procedures apply to the CDPA), it is not necessarily relevant to the question of attorney's fees.

Indeed, if the California legislature had intended the federal rule regarding attorney's fees to apply, it could have revised the attorney's fees provision of section 55 to make an award of attorneys fees discretionary at the time it amended section 54.1. Yet the same mandatory language remains in the statute, and the language of the statute is the best evidence the court has of the legislature's intent.

The cases on which plaintiff relies to argue that section 55 is governed by the same standard for attorney's fees as the ADA are inapposite. Plaintiff cites a number of cases concerning attorney's fees in actions brought under the California Fair Employment and Housing Act, Cal Gov. Code § 12965(b) ("FEHA"). *See Linsley v. Twentieth Century Fox Film Corp.*, 75 Cal.App.4th 762, 89 Cal.Rptr.2d 429 (1999); *Bond v. Pulsar Video Prods.*, 50 Cal. App.4th 918, 925, 57 Cal.Rptr.2d 917 (1996); *Stephens v. Coldwell Banker Commercial Group, Inc.*, 199 Cal.App.3d 1394, 245 Cal.Rptr. 606 (1988). In the FEHA context, the California courts have adopted the federal standard for awarding attorney's fees to prevailing defendants only when the plaintiff's action is frivolous, un-

reasonable, or without foundation. *See id.* These courts adopted the federal rule because of the "symmetry between California and federal anti-discrimination statutes." *Bond,* 50 Cal.App.4th at 925, 57 Cal. Rptr.2d 917.

The attorney's fees provision under the FEHA contains the same discretionary language as its federal analog. *Compare* Cal. Gov.Code § 12965(b) ("In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees and costs....") *with* 42 U.S.C. § 2000e–5(a) ("In any action or proceeding under this title, the court, in its discretion, may allow the prevailing party ... to pay a reasonable attorney's fee as part of the costs...."). In contrast, while there is certainly "symmetry"—indeed identity—between many of the other provisions of the ADA and the CDPA, the attorney's fees provisions of the two statutes are notably different. The rationale for adopting the federal standard for attorney's fees therefore does not extend to the disability rights context.

Plaintiff also cites *Donald v. Café Royale,* 218 Cal.App.3d 168, 266 Cal.Rptr. 804 (1990) for the proposition that a decision on the matter of attorney's fees under section 55 is within the trial court's discretion. In *Donald,* the court addressed the question of when a defendant is a "prevailing party" under the CDPA. The court noted that the California Code of Civil Procedure includes examples of "prevailing parties," but that those examples are qualified by statement that a person is a prevailing party "unless the context clearly requires otherwise." *Id.* Based on this qualification, the court concluded that the determination of whether a party is a prevailing party is discretionary. *Id.; see also Harvard Investment Co. v. Gap Stores, Inc.,* 156 Cal.App.3d 704, 715 n. 8, 202 Cal.Rptr. 891 (noting that trial courts have wide discretion to determine which party prevailed). Once the court determines in the exercise of its discretion who the prevailing party is, however, the language of section 55 is clear that the prevailing party "shall" be entitled to recover attorney's fees.

### 2. Prevailing Party

Plaintiff next argues that he, not defendant, is the prevailing party.[1] Under California law, a disabled plaintiff is considered a prevailing party "where the lawsuit was the catalyst motivating the defendants to modify their behavior or the plaintiff achieved the primary relief sought," even if a judgment is entered in favor of a defendant on the plaintiff's claims. *Donald,* 218 Cal.App.3d at 185, 266 Cal.Rptr. 804.[2] Plaintiff contends that his lawsuit caused defendant to make changes in the parking lot outside the store, and that therefore he achieved all of the injunctive relief he sought. In support of this argument, plaintiff relies on supposed "admissions" in defendant's trial brief, in which

---

**1.** To the extent that this argument is based on the theory that a defendant is a "prevailing party" only when the plaintiff's lawsuit is frivolous, unreasonable, or without foundation, it must fail. As discussed above, the "context" of the state disability statutes do not "clearly require" the court to come to that conclusion. To the contrary, they compel the opposite conclusion

**2.** Under federal law, "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship between the parties." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The court is aware of no California case applying this test to the prevailing party determination under the CDPA. This further supports the conclusion that California law does *not* rely on federal law for purposes of determining when to award attorney's fees under the CDPA.

defendant states that "no later than March 2000," the alleged deficiencies at the parking lot were brought into full compliance with the ADA and California law. (Def's Trial Brief, at 6.)

■ In this case, plaintiff's lawsuit cannot have been the "catalyst" for defendant's remedial efforts. First, plaintiff filed his lawsuit on September 11, 2000, *after* all of the changes been made. Second, there was no showing that it was defendant, or anyone acting on behalf of or in concert with defendant, who was responsible for making changes. Plaintiff cannot get around the fact that he achieved none of the relief he sought against defendant in bringing this lawsuit. Accordingly, defendant is the prevailing party in this action. *See* Cal.Code Civ. Proc. 1032(a)(4) (a prevailing party includes "a defendant as against those plaintiffs who do not recover any relief against that defendant").

### 3. *Reasonableness of Fees*

■ Defendant requests fees and costs in the amount of $61,535.79. The California Supreme Court, like the federal courts, has adopted the "lodestar" method for calculating attorney's fees. *Serrano v. Priest*, 20 Cal.3d 25, 48–49, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977); *Flannery v. California Highway Patrol*, 61 Cal. App.4th 629, 640, 71 Cal.Rptr.2d 632 (1998). To determine the appropriate fee amount, the court multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *See Serrano*, 20 Cal.3d at 48–49, 141 Cal.Rptr. 315, 569 P.2d 1303.

Defendant submitted declarations from attorneys who worked on the case regarding their hourly rates, as well as time sheets and billing records for the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (documentation submitted in support of a request for attorney's fees should apprise the court of the nature of the activity and the matter on which the hours were expended); *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir.1980) (affidavits are sufficient to support a fee award if they enable the court to consider all necessary factors).

Plaintiff does not challenge the hourly rates or contend that they are unreasonable. Although plaintiff vigorously asserts that defendant's $60,000 fee request is unreasonable, plaintiff points to only one item billed to the client that appears to be unreasonable: .3 hours of time billed at a rate of $195 for work apparently done on a different case, or $58.50 worth of fees. After plaintiff raised this objection in his opposition papers, defendant acknowledged its mistake and subtracted the $58.50 amount from its original fee request to arrive at the $61,535.79 figure it now asks for.

Plaintiff has not identified any other items that he believes are unreasonable. Instead, plaintiff contends that defendant's mistake in including fees for another case "calls into account all of defendant's listed billing in the instant matter." (Pl's Opp'n at 14.) Plaintiff's generalizations are nothing but attorney argument, and are insufficient to cast doubt on timesheets and billing records that appear on their face to be reasonable.

Plaintiff also contends that it is unreasonable for defendant to seek $60,000 in fees when, in a different case involving the same parties, defendant objected to plaintiff's fee request of approximately $35,000. The court fails to see what relevance the parties' dispute over attorney's fees in a separate case has to this matter. The legal questions in the two cases could have been different; the discovery could have been different; any number of factors could explain why defendant is entitled more fees in this case than plaintiff sought in the other case. Having reviewed the

billing records submitted, the court finds nothing unreasonable about the hours spent on *this* litigation. The court also finds nothing unreasonable about the out of pocket expenses defendant incurred in this litigation, and plaintiff again fails to identify any particular item as unreasonable. *See Davis v. City and County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir.1992) (the court may award attorney's fees for out of pocket expenses typically charged to paying clients, such as travel, courier and copying costs, etc.) Accordingly, the court finds that $61,535.79 is a reasonable attorney's fee.

## C. *Conclusion*

Plaintiff elected to bring state law claims in addition to his federal claim under the ADA. The risk of paying attorney's fees to defendant was one that plaintiff accepted when he chose to seek relief based on state law. Had plaintiff elected to rely exclusively on federal law, he would have had to forgo a claim for damages (because the ADA provides only for injunctive relief), but would not have exposed himself to liability for attorney's fees under state law. Plaintiff decided to clump his federal and state claims together, and therefore ran the risk of an award of attorney's fees under state law. *Cf. Passantino v. Johnson & Johnson*, 212 F.3d 493, 518 (9th Cir.2000) (where issues are "inextricably intertwined" and the prevailing party achieves excellent results, reduction in attorney's fees is not warranted just because plaintiff succeeds on some but not all claims).

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees be, and the same hereby is, GRANTED in the amount of $61,535.79.