[No. B199289. Second Dist., Div. Six. July 7, 2008.]

JAREK MOLSKI, Plaintiff and Appellant, v.
ARCIERO WINE GROUP, Defendant and Respondent.

COUNSEL

Thomas E. Frankovich and Jennifer L. Steneberg for Plaintiff and Appellant.

Dykema Gossett, Jon D. Cantor and Jere N. Sullivan, Jr., for Defendant and Respondent.

OPINION

**COFFEE, J.**—Jarek Molski appeals from an order awarding attorney fees in the amount of $33,702.63 to respondent Arciero Winery Group (Arciero). In this lawsuit over disability access to Arciero's winery, Arciero obtained judgment in its favor on all causes of action. Molski contends that Arciero should not have been awarded its attorneys fees as a prevailing party under Civil Code section 55[1] because Molski's claims were not frivolous, unreasonable or groundless. Alternatively, Molski contends that the award should be reduced. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

Molski is a disabled person who uses a wheelchair. On May 25, 2003, Molski visited Arciero's winery. In a federal lawsuit, Molski alleged that he encountered barriers to full and equal access in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.; the ADA), the Unruh Civil Rights Act (§ 51), the Disabled Persons Act (§§ 54, 54.1, 54.3; the DPA), Health and Safety Code section 19955, and Business and Professions Code section 17200 et seq. (Case No. CV 03-5880 LGB; the

---

[1] All statutory references are to the Civil Code unless otherwise stated.

federal action.) Molski has filed in excess of 400 such actions in state and federal court, and has been declared a vexatious litigant in both jurisdictions.[2] His present counsel has represented him in many of these actions and is also subject to a prefiling order in federal court.

In July of 2005, the federal trial court dismissed Molski's state law claims against Arciero without prejudice for lack of jurisdiction. Subsequently, only the ADA claim for injunctive relief remained pending in federal court. In July of 2005, Arciero's counsel notified Molski's counsel that all alleged violations had been remediated. Arciero provided photographic evidence. Molski's expert personally verified the remediation on August 24, 2005. On August 31, 2005, Molski and Arciero stipulated that the claim for injunctive relief was moot because all alleged noncompliance had been remediated. Pursuant to the stipulation, Molski dismissed the federal action with prejudice.

On August 10, 2005, after Molski received notice and evidence of the completed remediation but before Molski sent his expert to verify it, Molski filed the present action against Arciero in San Luis Obispo Superior Court (the state action). Molski did not serve the state action until after the federal stipulation had been filed. Molski's state action was based upon the same alleged conditions that had formed the basis of Molski's federal action. Molski asserted claims for monetary relief under the Unruh Civil Rights Act, the DPA, Health and Safety Code section 19955 and for injunctive relief under section 55.

In January 2006, the state trial court granted Arciero's motion to strike Molski's claims for injunctive relief (§ 55) as moot, leaving only Molski's claims for monetary relief and attorney fees pursuant to sections 51, 51.5, 52, 54, 54.1 and 54.3. Nevertheless, Molski's amended complaint retained a request "for relief that is afforded by Civil Code . . . [section] 55" and continued to allege (incorrectly) that the access barriers had not been remediated. Molski corrected some of these allegations in a second amended complaint, filed pursuant to stipulation and order, but the second amended complaint still alleged he was entitled to "the relief that is afforded by" section 55 and prayed for attorney fees as a prevailing party under section 55.

In June 2006, Arciero moved for judgment on the pleadings in the state action as to all remaining causes of action. Arciero argued that Molski was asserting in state court the same primary right that he had previously dismissed with prejudice in federal court. The trial court denied Arciero's motion. We issued an alternative writ of mandate directing the trial court to

---

[2] *Molski v. Mandarin Touch Restaurant* (Super. Ct. Santa Barbara County, 2005, No. 1172370); *Molski v. Evergreen Dynasty Corp.* (9th Cir. 2007) 500 F.3d 1047, rehearing denied (2008) 521 F.3d 1215.

set aside its order and to instead grant Arciero's motion for judgment on the pleadings, or to show cause why it should not. The trial court set aside its previous order and entered a new order granting Arciero's motion for judgment on the pleadings in the state action.

Arciero then moved for an order awarding its attorney fees as the prevailing party pursuant to section 55. Arciero sought to recover fees that it incurred in federal and state court defending against Molski's claims. Molski opposed the motion on the grounds that Arciero should not be considered to be the prevailing party, and that even if Arciero prevailed it should not recover any fees that were incurred in federal court or after dismissal of the state court claim for injunctive relief.

The trial court awarded all of Arciero's attorney fees incurred in state court, but not the fees incurred in federal court. The trial court found that Arciero prevailed in the state action because the state action was filed after remediation was complete and "played no role" in bringing about the remediation. The trial court found that Arciero did not prevail in the federal action because the federal action was the catalyst for remediation.

## DISCUSSION

A reviewing court may not disturb a trial court's decision on the matter of attorney fees absent a clear abuse of discretion. (*Donald v. Cafe Royale, Inc.* (1990) 218 Cal.App.3d 168, 185 [266 Cal.Rptr. 804].) We reject Molski's contention that the fee award in this case constituted an abuse of the trial court's discretion.

■ Section 55 authorizes an action to enjoin a violation of California's access laws, and provides that "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees." Other provisions of California's disability access statutes allow only a prevailing plaintiff to recover attorney fees (§§ 52, 54.3), but the plain language of section 55 allows bilateral fee recovery. The statute is unambiguous and Molski cites no authority interpreting section 55 to disproportionately benefit plaintiffs.

■ Code of Civil Procedure section 1032, subdivision (a)(4) provides that the defendant is the prevailing party if dismissal is entered in its favor or if the plaintiff does not recover any relief against it, unless the context clearly requires otherwise. ■ A plaintiff may "prevail" for purposes of section 55 if the lawsuit was the catalyst motivating the defendant to modify its behavior or the plaintiff achieved the primary relief sought. (*Donald v. Cafe Royale, Inc., supra,* 218 Cal.App.3d at p. 185 [award of fees to defendant restaurant reversed where the restaurant went out of business as a result of the cost of

compliance, rendering plaintiff's request for injunction moot but not rendering the restaurant a prevailing party]; *Barrios v. California Interscholastic Federation* (9th Cir. 2002) 277 F.3d 1128 [affirming award of fees to a disabled coach who prevailed by obtaining access to the baseball field and $10,000 in a settlement agreement].)

The trial court acted within its discretion when it determined that Arciero was the prevailing party in the state court action. In state court, Molski obtained none of the relief he sought. Arciero obtained judgment in its favor on every cause of action. Substantial evidence supported the trial court's finding that the state action played no role in the remediation. After Molski's claim for injunctive relief was stricken, he continued to seek relief pursuant to section 55. The order granting Arciero judgment on the pleadings was a final adjudication on the merits of all remaining claims in favor of Arciero. (*O'Moore v. Driscoll* (1933) 135 Cal.App. 770, 772 [28 P.2d 438].)

Molski argues that, notwithstanding the plain language of section 55 and the outcome of this litigation, a prevailing defendant should only be awarded fees if the plaintiff's claim was frivolous, unreasonable, or groundless. There is no California precedent for Molski's position. He relies upon federal authority which holds that in an action to enforce the provisions of title VII of the Civil Rights Act of 1964, attorney fees should not be assessed against the plaintiff unless its claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (*Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 422 [54 L.Ed.2d 648, 98 S.Ct. 694].)

In *Christiansburg*, the court reasoned that imposition of fees against a plaintiff "simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." (*Christiansburg Garment Co. v. EEOC, supra*, 434 U.S. at p. 422.) This concern does not apply to access litigation in California state court, where a plaintiff controls the relative risks, burdens and benefits by selecting from among several statutory options.

A disabled person who encounters an architectural barrier to full and equal access has several alternatives under California law. He or she may file an action for monetary relief under the Unruh Civil Rights Act (§ 51) to recover actual damages and automatic minimum penalties in the amount of $4,000 per occurrence. (§ 52, subd. (a).) Under the Unruh Civil Rights Act, the plaintiff can recover attorney fees if he or she prevails, but the defendant cannot. (§ 52, subd. (a); see *Gunther v. Lin* (2006) 144 Cal.App.4th 223, 242 [50 Cal.Rptr.3d 317].) However, the plaintiff must plead and prove intentional

discrimination. (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1149 [278 Cal.Rptr. 614, 805 P.2d 873].)

Alternatively, the plaintiff may file an action for monetary relief under the DPA (§ 54), in which case he or she need not prove any intentional conduct (*Donald v. Cafe Royale, Inc., supra*, 218 Cal.App.3d at p. 176), but the automatic minimum penalties will be only $1,000 per occurrence. (§ 54.3, subd. (a); *Gunther v. Lin, supra*, 144 Cal.App.4th at p. 232.) As with the Unruh Civil Rights Act, the plaintiff will be entitled to attorney fees if he or she prevails, but the defendant will not.

■ The plaintiff's third option is to file an action under section 55 to enjoin any technical violations of California's access laws, in which case he or she will not be required to prove an actual attempt to access the facility or to prove that the violation results from discrimination. However, under section 55 the plaintiff cannot obtain monetary relief and either party will be entitled to attorney fees if they prevail. A plaintiff must make an election between recovering under the Unruh Civil Rights Act or the DPA, but injunctive relief under section 55 is available as a cumulative remedy in either case. (§ 54.3, subd. (c); *Gunther v. Lin, supra*, 144 Cal.App.4th at p. 232.)

Thus, a disabled person who has actually encountered a barrier to full and equal access can proceed under the Unruh Civil Rights Act or the DPA without being exposed to any risk of an adverse judgment for fees. On the other hand, a person who has suffered no injury and initiates litigation simply to enjoin technical violations of the access statutes under section 55 has something to lose if he or she does not carefully assess the merits of his or her claim.

■ In this case, Molski chose to pursue every available statutory option, without election and notwithstanding completed remediation. The strategic inclusion of the section 55 claim minimized his burden of proof, but it also exposed him to an adverse fee award. At the same time, his approach maximized the litigation expenses of his adversary. The spirit of California's statutory scheme is not offended by the consequences of this scorched-earth strategy.

The trial court acted within its discretion when it awarded Arciero all fees incurred defending against Molski's state court claims. Any violations were remediated by Arciero by July of 2005, before this action was filed. Molski did not voluntarily dismiss his groundless claim for injunctive relief; it was dismissed pursuant to motion to strike. Even after the claim for injunctive relief was dismissed, Molski continued to assert that he was the prevailing party on his claim for injunctive relief. Arciero achieved a resolution in its

favor on that claim only after it filed a motion for judgment on the pleadings and obtained an alternative writ from this court directing the trial court to grant its motion. Arciero was entitled to an award of fees incurred in the course of all of its efforts. The trial court's determination that the specific amount of fees claimed was reasonable and necessary was supported by the declaration of Arciero's counsel.

We affirm the judgment. Costs on appeal are awarded to respondent.

Gilbert, P. J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 2008, S165946.