# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LYNN J. HUBBARD; BARBARA J.
HUBBARD,
     *Plaintiffs-Appellants,*

     v.

SOBRECK, LLC, dba: JOHNNY
CARINOS,
     *Defendant-Appellee,*

DOES I THROUGH X INCLUSIVE,
     *Defendant-Appellee,*

     and

EASTLAKE VILLAGE MARKETPLACE
LLC,
     *Defendant.*

No. 06-56870

D.C. No.
CV-04-01129-
WQH/LSP

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
May 12, 2008—Pasadena, California

Filed June 27, 2008
Amended January 12, 2009

Before: Mary M. Schroeder, Barry G. Silverman, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Schroeder

379

## COUNSEL

Scottlynn J. Hubbard, Chico, California, for plaintiffs-appellants Lynn J. Hubbard, et al.

Donald Merkin, San Diego, California, for defendant-appellee, SoBreck, LLC, et al.

## ORDER

The Opinion filed June 27, 2008, is hereby amended. With the filing of the Amended Opinion, the panel has voted to deny the petition for panel rehearing. No further petitions for rehearing may be filed.

## OPINION

SCHROEDER, Circuit Judge:

Plaintiffs-appellants Lynn and Barbara Hubbard filed parallel claims for violations of both the Americans with Disabilities Act ("ADA") and the California Disabled Persons Act ("CDPA"). Their complaint alleged barriers that deprived them of full and equal access to the restaurant operated by defendants-appellees SoBreck, LLC, dba Johnny Carino's. We consider whether the district court properly awarded attor-

ney's fees to defendants under the California Act, in circumstances where fees were not authorized under the federal ADA. We hold that the award of fees under state law was preempted by federal law.

## I.   Background

Plaintiffs' complaint originally alleged thirty-eight violations of federal and California statutes, many of which were settled in a settlement agreement prior to trial, and others which were abandoned before trial. The district court considered the remaining charges during a two-day bench trial. It found that plaintiffs failed to present sufficient evidence to establish they were denied full and equal enjoyment of the restaurant's services and facilities. The court entered a judgment in defendants' favor on all of plaintiffs' remaining claims. Defendants subsequently moved for attorney's fees and costs pursuant to the ADA and Section 55 of the CDPA.

The district court found that plaintiffs' claims were not frivolous and that fees were not warranted under the ADA, which authorizes fees only on frivolous claims. Section 55 of the CDPA, however, authorizes fees to the "prevailing party." The district court awarded fees to the defendants under this section.

The principal issue on appeal is whether the award of fees to a prevailing defendant under the CDPA is inconsistent with, and therefore preempted by, the ADA. The issue of preemption was not raised below, so the district court did not have an opportunity to rule on it. It is an issue of law, however, which may be considered for the first time on appeal. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). Because our district courts have been called upon, from time to time, to consider whether fees may be awarded to a prevailing defendant under Section 55 when fees are precluded by the ADA, we consider the issue.

## II.   Analysis

We begin by observing that for federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law. Federal law preempts state law if the state law "actually conflicts" with federal law. *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280-81 (1987) ("*Cal. Fed. Sav.*"). In this case, federal law, the ADA, makes an award of attorney's fees to the prevailing party discretionary. It provides that "[T]he court or agency, in its discretion, *may* allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 12205 (emphasis added). Courts have interpreted this to mean that only plaintiffs who bring frivolous claims are to be saddled with paying attorney's fees to the defendant. *See Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). We use the term "frivolous" in this opinion as a shorthand term for the full statutory phrase.

Under the California statute, however, as interpreted recently by the California Court of Appeal, *Molski v. Arciero Wine Group*, 164 Cal. App. 4th 786 (2008), an award to a prevailing defendant does not turn on whether the plaintiff's claim was frivolous. Fees are not discretionary; they are mandatory. Section 55 provides, "The prevailing party in the action *shall* be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55 (emphasis added). Given this language, we have no basis for doubting that the California Supreme Court will agree with *Molski* as to the meaning of Section 55. *See Klingebeil v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 n.2 (9th Cir. 1974) ("Decisions of the California Courts of Appeal are to be followed by a federal court where the Supreme Court of California has not spoken on the question, in the absence of convincing evidence that the highest court of the state would decide differently.") (internal quotation marks and citations omitted).

**[1]** A violation of the federal ADA constitutes a violation of the CDPA. *See, e.g.*, Cal. Civ. Code §§ 54(c), 54.1(d),

54.2(b). Therefore, to the extent that California's Section 55 mandates the imposition of fees on a losing plaintiff who brought both a nonfrivolous ADA action and a parallel action under Section 55, an award of attorney's fees under Section 55 would be inconsistent with the ADA, which would bar imposition of fees on the plaintiff. In such a case, the proof required to show a violation of the CDPA and of the ADA is identical. In that circumstance, it is impossible to distinguish the fees necessary to defend against the CDPA claim from those expended in defense against the ADA claim, so that a grant of fees on the California cause of action is necessarily a grant of fees as to the ADA claim. As federal law does not allow the grant of fees to defendants for non-frivolous ADA actions, we must conclude that preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel claims also filed pursuant to the federal law. *See Cal. Fed. Sav.*, 479 U.S. at 280-81.

In defense of the fee award in this case, defendants rely on two federal district court cases that awarded attorney's fees to prevailing defendants under the CDPA, even though the claims were not frivolous under the ADA. *See Jones v. Wild Oats Markets, Inc.*, 467 F. Supp. 2d 1004 (S.D. Cal. 2006); *Goodell v. Ralphs Grocery Co.*, 207 F. Supp. 2d 1124 (E.D. Cal. 2002). Neither of these cases, however, considered the issue of preemption.

In *Goodell*, the district court expressly decided not to award attorney's fees under the ADA because the plaintiff's claims were not frivolous. 207 F. Supp. 2d at 1125-26. It imposed fees under Section 55, holding that the imposition of fees on the prevailing party was not discretionary under the state stat-ute. *Id.* at 1126, 1128, 1129. The opinion, however, looked only to the language of the statutes and did not consider the issue of preemption, which was apparently not raised.

In *Jones*, the district court awarded fees under the CDPA on all five of the claims on which the defendant prevailed. It

awarded fees under the ADA for only the two of those claims that the district court found "lacked an arguable basis in fact or law and were frivolous." 467 F. Supp. 2d at 1017. The court in *Jones* relied on *Goodell*, and likewise did not consider the issue of preemption.

The district court's decision in a third case, *Edwards v. Princess Cruise Lines, Ltd.*, 471 F. Supp. 2d 1032 (N.D. Cal. 2007), is consistent with the result we reach here, although it did not discuss preemption. In *Edwards*, the district court did not award fees under the ADA because it ruled the plaintiff's claims were not frivolous. *Id.* at 1033. The district court also declined to award fees under Section 55, even though it had granted defendant's motion for summary judgment. As the district court noted, Section 55 itself does not define "prevailing party." *Id.* The defendant urged the definition of "prevailing party" as found in California Code of Civil Procedure § 1032(a)(4), and which was relied upon in *Goodell* and *Jones*. That statute defines the term "prevailing party" for purposes of awarding costs: "As used in this section, unless the context clearly requires otherwise: 'Prevailing party' includes . . . a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." *Id.* at 1033 & n.1 (quoting Cal. Civ. Proc. Code § 1032(a)(4)).

The *Edwards* court rejected this definition, holding that a prevailing party entitled to costs under § 1032 is not necessarily entitled to fees under Section 55. *Id.* at 1033-34. The court in *Edwards* held that California courts have some discretion under Section 55 to determine "whether there was a prevailing party on a practical level." *Id.* at 1034. The court also distinguished *Goodell* on the ground that *Goodell* was a decision on the merits, whereas the plaintiff in *Edwards* was time-barred, so the defendant in *Edwards* did not prevail for purposes of awarding fees. *Id.* at 1034 & n.3. The district court in *Edwards* provided additional reasons for its decision, *id.* at

1034-35, but it did not expressly consider the issue of pre-emption.

In challenging this fee award, plaintiffs cite to the unpublished district court decision in *Wilson v. Norbreck LLC*, No. CIV S-04-690DFLJFM, 2007 WL 1063050 (E.D. Cal. Apr. 9, 2007) (unpublished disposition), and it is also consistent with the result we reach regarding preemption. The district court there held that awarding fees to a prevailing defendant under the CDPA, when the defendant would not be entitled to attorney's fees under the ADA, would violate public policy. *Id.* at *3. The *Wilson* court also questioned the availability of fees to a prevailing defendant under state law, noting that in *Gunther v. Lin*, 50 Cal. Rptr. 3d 317, 332 n.18 (Ct. App. 2006), the California Court of Appeal "left open the issue of whether a prevailing defendant could recover attorney's fees under § 55." 2007 WL 1063050 at *2. The district court in *Wilson* did not rule on this issue, but held that "when a plaintiff brings parallel CDPA and ADA claims, the ADA fees provision controls as a matter of state law" because "[u]nder California law, prevailing defendants cannot receive attorney's fees for defending claims that inextricably overlap with other claims when a fee award is inappropriate for the defense of the latter." *Id.* at *3. The district court cited to *Carver v. Chevron U.S.A., Inc.*, 14 Cal. Rptr. 3d 467, 503-04 (Ct. App. 2004), which held it would violate public policy to award fees to a defendant for defending common-law claims that overlapped its defense of state antitrust claims, for which fees were available only to plaintiffs and not to defendants.

**[2]** The federal district courts are thus in disagreement over the proper interpretation of Section 55. For purposes of our decision, it is clear that California has interpreted Section 55 to permit recovery of attorney's fees even where the plaintiff's claim is not deemed to be frivolous. *Molski*, 164 Cal. App. 4th at 791. We hold that to the extent that Section 55 does authorize the award of fees to a prevailing defendant on nonfrivolous CDPA state claims that parallel nonfrivolous

ADA claims, there is a conflict and the ADA preempts Section 55 of the CDPA.

[3] The order awarding attorney's fees is **REVERSED** and the matter **REMANDED** with instructions to vacate the fee award.