[No. B219711. Second Dist., Div. Two. June 30, 2010.]

THOMAS MUNDY, Plaintiff and Appellant, v.
ORLENE L. NEAL, as Trustee, etc., Defendant and Respondent.

COUNSEL

Law Offices of Morse Mehrban and Morse Mehrban for Plaintiff and Appellant.

Glen Timothy Neal for Defendant and Respondent.

OPINION

**ASHMANN-GERST, J.**—Thomas Mundy (Mundy) appeals the denial of his Civil Code section 55[1] motion for attorney fees in connection with a suit to force a landowner to install a designated van-accessible disabled persons parking space. Even though he filed a dismissal with prejudice when the landowner installed the parking space, Mundy argues that he is entitled to his attorney fees under a catalyst theory because his lawsuit motivated corrective action that inures to the public benefit. We affirm because he did not attempt to settle prior to filing suit and was not the prevailing party under *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 577 [21 Cal.Rptr.3d 331, 101 P.3d 140] (*Graham*).

## FACTS

Mundy sued Orlene L. Neal as trustee of the Orlene L. Neal Family Trust (Neal) for violating various state and federal laws designed to protect the civil rights of people with disabilities and alleged Mundy is wheelchair bound and the trust owns a parking lot that accommodates an automotive service station. On December 1, 2008, Neal refused to provide Mundy and his class of disabled individuals with a designated van-accessible disabled persons parking spot.

Neal entered a general denial.

In Neal's case management statement, she averred the trust's tenants did not have a disabled persons parking space. Neither the tenants nor Mundy ever informed Neal of the problem. She first became aware of the problem when she was served with Mundy's complaint. Neal researched the issue, learned of the need for the disabled persons parking space, and had the space installed. Mundy did not give Neal an opportunity to remedy the problem before filing suit.

Mundy dismissed the case with prejudice and filed a motion requesting an award of $3,409.50 in attorney fees pursuant to section 55. The trial court denied the motion.

[1] All further statutory references are to the Civil Code unless otherwise indicated.

This timely appeal followed.

## DISCUSSION

The sole issue presented is whether Mundy should have been awarded attorney fees under section 55. Section 55 provides: "Any person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code, . . . may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees."[2] (§ 55.) Whether a statute requires a trial court to award attorney fees is a legal question we review de novo. (*Childers v. Edwards* (1996) 48 Cal.App.4th 1544, 1547 [56 Cal.Rptr.2d 328].)

The pivotal question is whether Mundy was the prevailing party. "[U]nless the context clearly requires otherwise," a defendant in whose favor a dismissal is entered is the prevailing party. (Code Civ. Proc., § 1032, subd. (a)(4).) One such context is where a lawsuit pursuant to sections 54 or 54.1 "was the catalyst motivating the defendants to modify their behavior or the plaintiff achieved the primary relief sought. [Citation.]" (*Donald v. Cafe Royale, Inc.* (1990) 218 Cal.App.3d 168, 185 [266 Cal.Rptr. 804]; see *Molski v. Arciero Wine Group* (2008) 164 Cal.App.4th 786, 790 [79 Cal.Rptr.3d 574].) This rule grew out of cases decided under Code of Civil Procedure section 1021.5, the private attorney general statute. (*Donald, supra*, 218 Cal.App.3d at p. 185.) We therefore turn to catalyst theory case law decided under that statute to guide our analysis.

A few decades ago, our Supreme Court held that an award of attorney fees under Code of Civil Procedure section 1021.5 is not barred simply because a case was settled before trial. A court must ask whether the plaintiff's lawsuit substantially contributed to the enforcement of an important

---

[2] Section 54 provides: "(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places. [¶] . . . [¶] (c) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section." Section 54.1, subdivision (a)(1) provides: "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."

public right, or whether a defendant would have complied with the law absent legal action. (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685 [186 Cal.Rptr. 589, 652 P.2d 437].) Recently, in *Graham*, which was also decided under the private attorney general statute, the court held that the catalyst theory cannot be invoked unless the plaintiff made a reasonable attempt to settle the matter short of litigation. (*Graham, supra*, 34 Cal.4th at p. 577.)

 As Mundy concedes, he did not attempt to settle the case before filing it. Under *Graham*, he was not the prevailing party.

Mundy argues that the reach of *Graham* should be limited to statutes permitting discretionary awards of attorney fees and cites *Vasquez v. State of California* (2008) 45 Cal.4th 243 [85 Cal.Rptr.3d 466, 195 P.3d 1049] as authority. In *Vasquez*, the court indicated that *Graham* adopted a "prelitigation demand requirement" "to guide the exercise of judicial discretion." (*Vasquez, supra*, 45 Cal.4th at pp. 254–255.) Be that as it may, the catalyst theory was created and has been refined by the judiciary based on various policies, such as rewarding efforts designed to benefit the public. Another policy, equally important to the catalyst theory, was articulated by *Graham* when it stated: "Awarding attorney fees for litigation when those rights could have been vindicated by reasonable efforts short of litigation does not advance that objective and encourages lawsuits that are more opportunistic than authentically for the public good." (*Graham, supra*, 34 Cal.4th at p. 577.) As amplified by *Vasquez*, *Graham* created the prelitigation demand requirement because "the catalyst theory entail[s] risks and benefits that, on balance, justif[y] the adoption of '*sensible limitations on the catalyst theory* that discourage [extortionate suits] without putting a damper on lawsuits that genuinely provide a public benefit' [citation]." (*Vasquez, supra*, 45 Cal.4th at p. 255.) Nothing in *Vasquez* permits the policies underlying the catalyst theory to be dissected and segregated to suit a litigant's purposes. If the theory applies, it comes with all its policies in tow.

 We hold that for purposes of section 55, a plaintiff who files a dismissal is not the prevailing party under the catalyst theory unless the plaintiff made a prelitigation demand for corrective action. Contrary to the position Mundy invites us to adopt, the catalyst theory transcends the nature of an attorney fee statute, i.e., whether an award is discretionary or mandatory is irrelevant. This is because the catalyst theory pertains to whether a party prevailed in a manner outside the specific definitions in Code of Civil Procedure section 1032, subdivision (a)(4). Also, as a policy matter, if the catalyst theory does not reward an opportunistic lawsuit in one context, it should not reward such a lawsuit in any context.

## DISPOSITION

The order is affirmed.

Neal is entitled to her costs on appeal.

Boren, P. J., and Doi Todd, J., concurred.