Filed 5/23/16  County of Los Angeles v. Acme Silver Place CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| COUNTY OF LOS ANGELES, | B262874 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC555178) |
| v. | |
| ACME SILVER PLACE et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Rita Miller, Judge.  Affirmed.

Matthew Pappas and Charnel James for Defendants and Appellants.

Mary C. Wickham, County Counsel, Elaine M. Lemke, Acting Assistant County Counsel, Sari J. Steel, Principal Deputy County Counsel, Tracy Swann, Deputy County Counsel, for Plaintiff and Respondent.

_____

The defendants operate a medical marijuana dispensary in an unincorporated area of Los Angeles County. The trial court enjoined defendants' operation because the County Code bans marijuana dispensaries. Defendants have not shown that they have standing to claim disability discrimination, and their challenge to the legality of the County Code has no merit. We affirm.

## FACTS AND PROCEDURAL HISTORY

In August 2014, the County of Los Angeles filed a complaint for injunctive relief to abate a public nuisance.[1] The complaint alleges that defendants operate a medical marijuana dispensary (MMD) in Hacienda Heights, an unincorporated County area. Zoning enforcement officers entered the property on numerous occasions in 2013 and 2014 to confirm that defendants were operating a MMD, in violation of the County Code.

A hearing was scheduled on the County's request for a preliminary injunction. Defendants' opposition, filed the day before the hearing, did not reach the courtroom in time. The trial court did not consider the untimely opposition because the County was prejudiced by its inability to respond. The court denied defendants' request for a continuance, noting that the County had waited "a long time for a hearing," owing to the court's congested calendar.

After argument, the court determined that the County is entitled to a preliminary injunction because it is likely to prevail on the merits at trial and the interim harm to the County is greater than the harm to the defendants. The court signed an order on January 21, 2015, finding that defendants made additions and alterations to their property without obtaining required building permits, and are operating a MMD in an unincorporated area in violation of the County Code. The appeal is timely.

---

[1]    Defendants are Acme Silver Place; LPC Center, Inc. dba The Clinic; Marcos R. Granado; Yona Mizrachi; Eva Fitzhugh; and Valerie G. Lundsford, as trustee of the Estella L. Sanders Trust.

2

## DISCUSSION

### 1. Appeal and Review

The trial court's order granting the County's request for an injunction is appealable. (Code Civ. Proc., § 904.1, subd. (a)(6).) The question is whether the court abused its discretion in weighing two interrelated factors: (1) the likelihood that the plaintiff will prevail on the merits at trial, and (2) the interim harm that the plaintiff is likely to sustain if the injunction were denied, as compared to the harm the defendant is likely to suffer if the preliminary injunction were issued. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109.)

Issues of fact are subject to review under the substantial evidence standard. (*People ex rel. Gallo v. Acuna*, *supra*, 14 Cal.4th at pp. 1136-1137; *People ex rel. Feuer v. Nestdrop, LLC* (2016) 245 Cal.App.4th 664, 672.) "[I]f the 'likelihood of prevailing on the merits' factor depends upon the construction of a statute or another question of law, rather than evidence to be introduced at trial, our review of that issue is independent or de novo." (*Marken v. Santa Monica-Malibu Unified School Dist.* (2012) 202 Cal.App.4th 1250, 1261; *Field v. Bowen* (2011) 199 Cal.App.4th 346, 353.) The trial court need not expressly state that the validity of an ordinance was within the scope of its ruling. (*North Coast Coalition v. Woods* (1980) 110 Cal.App.3d 800, 805.)

### 2. State Laws Regarding Medical Marijuana

Marijuana use by "serious ill Californians" is decriminalized if "recommended by a physician," under the Compassionate Use Act. (Health & Saf. Code, § 11362.5, subds. (b)(1)(A), (d).) The Medical Marijuana Program, enacted in 2003, enhances the access of qualified patients to medical marijuana. (*City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729, 739.) These state laws have no effect on federal law, which prohibits the possession, distribution or production of marijuana. (*Id.* at p. 740; *United States v. Oakland Cannabis Buyers' Cooperative* (2001) 532 U.S. 483; *Gonzales v. Raich* (2005) 545 U.S. 1.) There is no constitutional or statutory right to possess, cultivate, distribute or transport medical marijuana. (*Safe Life Caregivers v. City of Los Angeles* (2016) 243 Cal.App.4th 1029, 1032.)

3

Although the Compassionate Use Act and the Medical Marijuana Program allow the use of marijuana by seriously ill persons, these laws do not prevent local authorities from exercising their police power by enacting ordinances that bar the operation of MMD's within their borders. (*City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.*, *supra*, 56 Cal.4th at p. 738; *City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1176.)

**3. The County Code Does Not Conflict with Disability Laws**

The County prohibits the operation of MMD's in unincorporated areas. The County Code reads, "This Section is established [ ] [t]o ban medical marijuana dispensaries in all zones in the County." (Los Angeles County Code, § 22.56.196 (A)(1).)[2] Defendants do not deny that they operated a MMD in an unincorporated area of the County. They argue, unavailingly, that the County's ban on MMD's conflicts with state and federal laws protecting disabled persons.

*a. The California Disabled Persons Act (DPA)*

The DPA states, "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." (Civ. Code, § 54, subd. (a).) A case may be made "only if the plaintiff personally encountered the violation on a particular occasion," was deterred from accessing a public place, and "experienced difficulty, discomfort, or embarrassment." (Civ. Code, § 55.56, subds. (b), (c).)

At the outset, defendants have not shown that they are "individuals with disabilities or medical conditions" who were personally deprived of access to a public place. Without citation, the opening brief asserts that Acme Silver Place has standing to assert the DPA as a "marijuana collective." There is no evidence that defendants run a marijuana collective: the record is devoid because defendants failed to submit timely

---

[2]    Throughout their brief, defendants cite "Los Angeles County Municipal Code section 2701" as the target of their legal challenge. It does not exist.

opposition below or a timely appendix on appeal. Lack of standing is a jurisdictional defect that can be raised at any time. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438-439.)

Apart from defendants' lack of standing, the DPA is not designed to ensure access to marijuana. The DPA and the Unruh Civil Rights Act (Civ. Code § 51 et seq.) "afford disabled persons alternative remedies for discrimination based on architectural barriers to access." (*Flowers v. Prasad* (2015) 238 Cal.App.4th 930, 940; *Molski v. Arciero Wine Group* (2008) 164 Cal.App.4th 786, 791-792; *Madden v. Del Taco, Inc.* (2007) 150 Cal.App.4th 294, 301.) "Its focus is upon *physical* access to public places." (*Turner v. Association of American Medical Colleges* (2008) 167 Cal.App.4th 1401, 1412.) The DPA does not apply to defendants' desire to engage in the business of selling marijuana.

### b. *The Americans with Disabilities Act (ADA)*

The ADA prohibits public entities from denying the benefit of public services to any "qualified individual with a disability." (42 U.S.C. § 12132.) Defendants lack standing to make the ADA claim, as there is no evidence that they are qualified individuals with disabilities, no evidence that they represent such individuals and no evidence that they possess attributes that might otherwise grant them standing to assert the rights of those individuals. As explained above, defendants presented no evidence at all. Thus, on the record before us, defendants are able-bodied business people hoping to make money by selling marijuana.

In any event, medical marijuana use is not protected by the ADA. Even as to plaintiffs "who face debilitating pain," the legislative history is clear that "the ADA defines 'illegal drug use' by reference to federal, rather than state law, and federal law does not authorize the plaintiffs' medical marijuana use. We therefore necessarily conclude that the plaintiffs' medical marijuana use is not protected by the ADA." (*James v. City of Costa Mesa* (9th Cir. 2012) 700 F.3d 394, 397.) The 2015 enactment of an appropriations bill that prohibits the use of federal funds for drug enforcement actions in states that authorize medical marijuana, does not enlarge the ADA to create a federal "right" to sell or use marijuana. The ADA does not apply to defendants.

**<u>DISPOSITION</u>**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                              BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

6