**NOT FOR PUBLICATION**

DEC 04 2018

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL GAREDAKIS and TAMARA GAREDAKIS; M.G., a minor by and through his guardian ad litem Michael Garedakis; et al., | No. 17-16547 |
| Plaintiffs-Appellants, | D.C. No. 4:14-cv-04799-PJH |
| v. | MEMORANDUM[*] |
| BRENTWOOD UNION SCHOOL DISTRICT; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Before: HAWKINS, GRABER, and THACKER,[**] Circuit Judges.

Plaintiffs are the parents of special-needs minors. They sued the Brentwood

Union School District and some of its employees for violations of the Americans

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephanie Dawn Thacker, Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, and various California laws; all claims relate to alleged abuse that Plaintiffs' children suffered at the hands of one of the District's teachers. The district court granted summary judgment to Defendants. The court also awarded nearly $600,000 in fees and costs to Defendants under section 1038 of the California Code of Civil Procedure on the ground that the state tort claims were "not brought in good faith and with reasonable cause." In this appeal, Plaintiffs challenge the award of fees and costs. We review a fee award under state law for abuse of discretion, except that we review de novo whether reasonable cause to bring a claim existed under section 1038. Nuveen Mun. High Income Opportunity Fund v. City of Alameda, 730 F.3d 1111, 1128 n.10 (9th Cir. 2013). We vacate the award and remand.

1. Under the ADA, defendants may recover fees only for defending against frivolous claims. Here, the district court did not find that the ADA claims were frivolous. Rather, the court found that the state tort claims were not brought "in good faith and with reasonable cause" only because Plaintiffs did not present timely written demands to the District, as required by state law. To the extent that the fee award compensates Defendants for work pertaining to Plaintiffs' ADA claims, section 1038 conflicts with the ADA and is preempted. See Or. Coast Scenic R.R. v. Or. Dep't of State Lands, 841 F.3d 1069, 1072 (9th Cir. 2016)

2

(reviewing the extent of preemption de novo); <u>Hubbard v. SoBreck, LLC</u>, 554 F.3d 742, 745 (9th Cir. 2009) (holding that the ADA preempts another California fee-shifting statute to the extent that it authorizes defendants to recover fees for defending against non-frivolous ADA claims); <u>see also</u> <u>Kohler v. Presidio Int'l, Inc.</u>, 782 F.3d 1064, 1070–71 (9th Cir. 2015) (refusing to overrule <u>SoBreck</u> in reliance on a California Supreme Court case, because preemption is a question of federal law).

2. The award manifestly includes time spent defending against the ADA claims. The district court mistakenly stated that the fee request (about $514,000) did not include any time that counsel spent defending against the federal claims. In fact, defense counsel stated that, for the most part, they could not segregate their work on federal versus state claims, so they reduced the amount of time claimed for the federal-and-state work in the aggregate by about half. The court never assessed whether a reduction of only about half is reasonable in the face of Defendants' assertions that the state-law claims were obviously not brought "in good faith and with reasonable cause." In addition, the court failed to observe that, in some instances, counsel did not reduce the fee request at all. Compare, for example, ER 979, reducing by half the time spent working on the motion for summary judgment on March 1, 2016, with ER 979–80, making no reduction for

3

time that the same lawyer spent working on the same motion on March 4 and 8, 2016. Similarly, the court awarded fees to Defendants for the full amount of time spent on depositions, even though the lawyer who conducted the depositions declared that the work performed on the state claims could not be distinguished from that performed on the federal claims. ER 822, 889–91, 900, 907, 916–17, 924.

3. The state-law claims of the Garedakis family were brought with reasonable cause. This court reversed the summary judgment for Defendants as to that family. Garedakis v. Brentwood Union Sch. Dist., 2018 WL 4849695, at *2 (9th Cir. Oct. 5, 2018) (unpublished).

4. The state-law claims of the Rose and Razaqi families were brought without reasonable cause. They concede that they did not present written claims to the District before filing suit.

5. With respect to the Jackson and Gullo families, the district court erred as a matter of fact and as a matter of law. Both families submitted notices to the District, which the District returned to them, unfiled, as untimely pursuant to California Government Code section 911.3, despite the families' assertions of delayed discovery. The District did not, as the court stated, deny the claims. When a public entity returns a claim as untimely (as distinct from rejecting the

claim), the claimant may sue in court and allege compliance with the claim-presentation requirement. Mandjik v. Eden Twp. Hosp. Dist., 6 Cal. Rptr. 2d 582, 586–87 (Ct. App. 1992); see also Ngo v. County of Los Angeles, 255 Cal. Rptr. 140, 142–43 (Ct. App. 1989) (holding that it is proper to file suit in court and allege substantial compliance); Cal. Gov't Code § 945.4 (precluding suit only if the plaintiff presented a written claim that the public entity affirmatively rejected). On de novo review, Nuveen, 730 F.3d at 1128 n.10, we conclude that the Jackson and Gullo families had reasonable cause to file this action.

**VACATED and REMANDED.** Costs on appeal awarded to Plaintiffs-Appellants.