**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BARRETT BATES, STATE OF
CALIFORNIA ex rel. Barrett R.
Bates, qui tam plaintiff, on behalf
of real parties in interest, Alameda
County, et al.,
                    *Plaintiff-Appellant,*

              v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
BANK OF AMERICA, NA; BANK OF
AMERICA, NA, FKA Countrywide
Home Loans, Inc.; CITIMORTGAGE,
INC.; GMAC MORTGAGE LLC;
JPMORGAN CHASE BANK; WELLS
FARGO BANK, NA,
                    *Defendants-Appellees.*

No. 11-15894

D.C. No.
2:10-cv-01429-
GEB-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 9, 2012*
San Francisco, California

Filed September 17, 2012

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: Mary M. Schroeder and Consuelo M. Callahan,
Circuit Judges, and Edward R. Korman, District Judge.**

Opinion by Judge Callahan

---

**\*\*The Honorable Edward R. Korman, District Judge for the United States District Court for the Eastern District of New York, sitting by designation.

## COUNSEL

Treva J. Hearne and Robert R. Hager, Hager & Hearne, Reno, Nevada, and Mark Mausert, Reno, Nevada, for the plaintiff-appellant.

Thomas Hefferon and Joseph Yenouskas, Goodwin Procter LLP, Washington, DC, Robert Padway, Robert James Esposito and Deborah Anne Goldfarb, Bryan Cave LLP, San Francisco, California, and Robert M. Brochin, Morgan, Lewis & Bockius LLP, Miami, Florida, for the defendants-appellees.

---

## OPINION

CALLAHAN, Circuit Judge:

Plaintiff Barrett R. Bates, a realtor, filed suit under the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650-12655, against Defendants Mortgage Electronic Registration System, Inc. ("MERS"), Bank of America, N.A., Countrywide Home Loans, Inc., Citimortgage, Inc., GMAC Mortgage LLC,[1] J. P. Morgan Chase Bank, and Wells Fargo, N.A. (collectively, "Defendants") on behalf of numerous California counties. Bates alleged that Defendants made false representations in naming MERS as a beneficiary in recorded mortgage documents in order to avoid paying recording fees. Defendants moved to dismiss the *qui tam* action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. Following Defendants' motions, Bates filed a motion for leave to file a Second Amended Complaint. The district court concluded that the public disclosure provision in the CFCA required dismissal of the action for lack of subject matter jurisdiction and, as a result, it did not analyze the 12(b)(6) motion or the motion to amend. Because Bates has failed to demonstrate that the district court erred in dismissing his claims as jurisdictionally barred, we affirm the district court's decision.

---

[1]GMAC Mortgage LLC has since filed a Notice of Bankruptcy, and this appeal is automatically stayed as to GMAC.

## I.  BACKGROUND

On July 17, 2009, Bates filed his first complaint in state court, alleging violations of the CFCA on behalf of the real parties in interest, the Counties of the State of California. On May 10, 2010, Bates filed the First Amended Complaint ("FAC"), which is the subject of this appeal. In the FAC, Bates alleged that, during the course of his work as a realtor in the secondary mortgage market business in June 2009, he discovered that Defendants were making false statements in order to avoid or decrease recording fees. Specifically, Bates alleged that Defendants falsely named MERS as a beneficiary in recorded mortgage documents. Bates's theory of liability involves the use of the MERS loan registry system ("MERS System"), which allows parties to a loan (borrowers and lenders) to agree that MERS can serve as mortgagee on the loan documents as nominee for the noteholder. Thus, when interests in the loans are transferred, the mortgage does not need to be assigned but instead the identity of the secured party is tracked by the MERS System.[2] Bates argues that this system is fraudulent because the lenders' decision not to create and record assignments of a MERS mortgage deprived the Counties of recording-fee revenues.

## II.  DISTRICT COURT PROCEEDINGS

MERS removed the action to the United States District Court for the Eastern District of California, asserting diversity jurisdiction under 28 U.S.C. § 1332. On June 18, 2010, Bates filed a motion to remand to state court, contending that the State of California was a real party in interest in the lawsuit

---

[2]We recently discussed MERS at length in affirming the dismissal of a putative class action lawsuit alleging that lenders (some of whom are Appellees here) used the MERS System to commit fraud and facilitate wrongful foreclosures. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011) (explaining that MERS was specifically created as a solution to streamline the tedious recording process).

whose presence destroyed diversity. The District Court denied Bates's motion, finding that complete diversity existed between the parties and that the amount in controversy, exclusive of interest and costs, exceeded $75,000. The court held that the State was a nominal party, whose listing in the caption of the FAC would be disregarded in determining diversity of citizenship because Bates's suit only sought to recover recording fees which, when due, are payable to and usable by the Counties exclusively. Accordingly, the district court determined that the only real parties in interest were the Counties, and Bates had "failed to point to any allegation in his complaint showing that he is also suing on behalf of the State."

Between August 19 and August 23, 2010, Defendants filed motions to dismiss the FAC, contending that the claims were jurisdictionally barred under the CFCA. The district court granted the motion to dismiss, holding that Bates's suit was jurisdictionally barred by the "public disclosure" exception of the CFCA. In ruling on the motions to dismiss, the district court reasoned that because Bates's allegations "are substantially similar to information already in the public domain," his action is barred by the CFCA. *State ex rel. Grayson v. Pac. Bell Tel. Co.*, 142 Cal. App. 4th 741, 749 (2006). The court further reasoned that Bates could not have been an "original source" leading to the public disclosure of the fraudulent acts because he alleged that he became aware of these acts only in June 2009, which was long after the information was already in the public domain. Because the district court found this issue dispositive, it declined to rule on Defendants' motion to dismiss for failure to state a claim.

Following the court's ruling on the motions to dismiss, the district court entered judgment in favor of Defendants. Bates timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## III.  ANALYSIS

A.  *Standard of Review*

The district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) and denial of the motion to remand are reviewed de novo. *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1242-43 (9th Cir. 2000). All of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009).

B.  *The Court Did Not Err in Denying Bates's Motion to Remand.*

**[1]** As an initial matter, Bates contends that because the State of California is a real party in interest, diversity jurisdiction is defeated and the case should have been remanded to state court. However, the district court properly determined that Bates "failed to point to any allegation in his complaint showing that he is also suing on behalf of the State." Under *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980), courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Bates cannot resuscitate his motion to remand through conjecture when his pleadings do not disclose any ground for treating the State as a real party in interest. If Bates were successful in his suit, the State would not realize any benefit as a result. Because the FAC discloses that this suit was brought to remedy an alleged fraud committed solely against the Counties, the Counties are the real parties in this controversy. Accordingly, the district court properly denied the motion to remand.

C.  *Bates's Qui Tam Action is Jurisdictionally Barred by the CFCA.*

**[2]** The CFCA is a "whistleblower" statute that is designed to protect public finances by allowing individuals to file suit

under seal on behalf of the State or Counties. However, to prevent profiteering, the CFCA provides that "[n]o court shall have jurisdiction" over a *qui tam* civil action under the statute when the action is "based upon the public disclosure" of the allegations of transactions raised in the action. Cal. Gov't Code § 12652(d)(3)(A). This public disclosure provision "erects a jurisdictional bar to *qui tam* actions that do not assist the government in ferreting out fraud because the fraudulent allegations or transactions are already in the public domain." *Grayson*, 142 Cal. App. 4th at 748 (internal citation omitted).

**[3]** An action is barred under the public disclosure provision when the prior public disclosures are "sufficient to place the government on notice of the alleged fraud" or "practice prior to the filing of the qui tam action." *Id.* at 748, 752. "A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation already have been publicly disclosed." *United States ex rel. Findley v. FPC-Boron Emps. Club*, 105 F.3d 675, 688 (D.C. Cir. 1997). As the court below concluded, the numerous prior public disclosures sufficed to place the government on notice of the factual allegations in Bates's FAC.

**[4]** Bates contends that, under *City of Hawthorne v. H&C Disposal Co.*, 109 Cal. App. 4th 1668, 1678 (2003), prior to his litigation, no one "sufficiently alerted the government to the possibility" fraud was being committed. He further contends that he was the "original source" of the allegations in the complaint, and that the court "misapplied the law in holding that [Bates] could not qualify as an 'original source' based solely on the dates of the articles and other information purportedly within the public domain." However, we conclude that substantially similar information to Bates's allegations already existed in the public domain at the time he filed suit. Bates's allegations reveal the equivalent of information already available to the public through other cases and published articles: that MERS is named as a beneficiary in mort-

gage documents and that the MERS System allows parties to avoid the recordation of mortgage documents and payment of the corresponding fees to the Counties. To be considered "substantially similar" under *Grayson*, the public disclosures need not consist of legal conclusions identical to those of the *qui tam* plaintiff. *Grayson*, 142 Cal. App. 4th at 750-52. Rather, the lawsuit is jurisdictionally barred if the complaint "substantially repeats" facts that are already known. *Id.*[3]

**[5]** Moreover, Bates cannot escape the public disclosure bar by arguing that he was the "original source" of the information because his alleged discovery of the MERS System fraud in June 2009 postdated numerous public disclosures. It is thus temporally impossible for Bates's discovery of the information to have been the catalyst for the public disclosures. Bates cannot demonstrate that a causal relationship exists between himself and the public disclosures. *See* Cal. Gov't Code § 12652(d)(3)(B) ("'Original source' means an individual . . . whose information provided the basis or catalyst for the investigation, hearing, audit, or report that led to the public disclosure."). Accordingly, the district court properly dismissed the action as jurisdictionally barred.[4]

---

[3]Bates attempts to dissuade us from applying *Grayson*, arguing that the California Court of Appeal decision "erroneously applied a federal standard." Bates's argument is not well-taken. This court is bound to follow the appellate decision from California "in the absence of convincing evidence that the highest court of the state would decide [the issue] differently." *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2009). Bates has provided no such convincing evidence in his briefs. Further, *Grayson* did not erroneously apply a federal standard. Accordingly, we accept *Grayson* as setting forth California law.

[4]Because we conclude that the district court did not err in dismissing Bates's claims for lack of subject matter jurisdiction, we do not reach Defendants' argument that the dismissal may be upheld because Bates failed to state a claim upon which relief may be granted.

## IV.   CONCLUSION

The district court did not err in denying Bates's motion to remand the action to state court because Bates did not demonstrate how the State of California is anything more than a nominal party. Furthermore, Bates's factual allegations regarding the MERS System had already been publicly disclosed, and the dates in the FAC foreclose the possibility that Bates could be an original source of the information. Accordingly, the district court properly found that Bates's claims are jurisdictionally barred by the CFCA. The district court's judgment is **AFFIRMED**.