**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELICIA TUITAMA, an individual, | No.    15-55650 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-09956-MMM-AGR |
| v. | |
| NATIONSTAR MORTGAGE, LLC, a corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Felicia Tuitama appeals pro se from the district court's judgment dismissing

her diversity action alleging state law claims related to the foreclosure of her

property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a motion to remand. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). We affirm.

The district court properly concluded that defendants' removal of Tuitama's state law action was timely because it was filed within 30 days after defendant Sage Point Lender Services, LLP became a nominal defendant and thus rendered this action removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *see also Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012) ("[C]ourts must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." (citation and internal quotation marks omitted)).

Contrary to Tuitama's contention, raised for the first time in her reply brief, complete diversity exists over this action. *See* 28 U.S.C. § 1332(a)(1); *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff."). That

Tuitama's husband – who Tuitama now claims is an indispensable party – is, like her, a citizen of Georgia, is irrelevant for purposes of determining whether complete diversity exists.

**AFFIRMED.**