**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUTTA KOSIELOWSKY, an individual, | No.   18-16633 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-01141-MCE-AC |
| v. | |
| NEVADA COUNTY, a governmental agency; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 11, 2020[**]
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,[***]
District Judge.

This case concerns a dog who was euthanized at Sammie's Friends, a private

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

animal-care facility, eighteen days after it was deemed legally abandoned. The dog's former owner, Plaintiff-Appellant Jutta Kosielowsky, sued Defendant-Appellees Sammie's Friends, Sammie's Friends' employee Cheryl Wicks, Nevada County, and Nevada County employee Doe 1 (collectively, Defendants) under 42 U.S.C. § 1983, alleging: (1) illegal seizure of her dog in violation of the Fourth Amendment; and (2) deprivation of her Fourteenth Amendment procedural due process rights. The district court dismissed Kosielowsky's Second Amended Complaint (SAC) without granting leave to amend. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I. Abandonment

In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012) (citation omitted). Nevertheless, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them at length here.

18-16633

The district court fairly determined that Kosielowsky failed to allege ownership of the dog at the time of its death. In California, if an animal-care facility takes custody of an animal for boarding, and the animal is not retrieved on the agreed-upon date, the facility must hold the animal for fourteen days before it is deemed abandoned. Cal. Civ. Code § 1834.5(a). Kosielowsky not only admits that she failed to retrieve the dog on the appointed date, but she also fails to allege facts indicating her intent to retrieve the dog. For example, Kosielowsky fails to allege that she or anyone on her behalf tried to retrieve the dog, or explain why the threat of a phone call to the sheriff would prevent her from attempting to retrieve the dog for more than one month after the agreed-upon date. Without more, Kosielowsky's allegation of subjective fear does not overcome the fact that her dog was legally abandoned.

## II.  State Action

Because the district court limited its holding to the narrow issue of abandonment, it did not address the issue of whether Sammie's Friends and Wicks, respectively, are state actors for the purposes of § 1983. Kosielowsky now asks us to find that Sammie's Friends, a private corporation, and Wicks, a corporate employee, were acting under the color of state law. We do not. Kosielowsky neither alleges nor can it be inferred that Sammie's Friends and Wicks were "fully vested with state authority." *West v. Atkins*, 487 U.S. 42, 57 (1988). And,

18-16633

significantly, Kosielowsky voluntarily placed the dog in the care of Sammie's Friends and Wicks; there was no search and seizure by any actor—state or otherwise.

### III.   Denial of Leave to Amend

Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  At the same time, while that policy "should be applied with extreme liberality," a district court may deny leave to amend where amendment would be futile.  *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981) (citation and quotation omitted).

Kosielowsky has thus far failed to allege ownership of the dog in her three bites at the apple.  Her arguments on appeal do not signal that, if afforded a fourth bite, she will allege facts demonstrating either ownership of the dog at the time of its death, or conduct indicating her intent to retrieve the dog before it was deemed legally abandoned.  The district court's denial of leave to amend the SAC should not be disturbed; Kosielowsky cannot offer any amendment that will cure its primary defect.

**AFFIRMED.**

18-16633