OPINION
KOZINSKI, Chief Judge:
Perhaps we’ve become too expert-prone.
Matt Strong, a C-5 quadriplegic, is a customer of Peter Piper Pizza, but not a pleased one. He claims that when he patronized the restaurant in El Cajon, California, he encountered barriers that prevented him from perambulating the place. Strong’s suit alleges unlawful discrimination under the Americans with Disabilities Act (ADA) and related California disability laws.[1] But, in the course of pre-trial proceedings, Strong plowed into a palisade: He missed the period for disclosing his expert. Strong never moved for more time or offered a pretext for passing the deadline. Instead, he incorporated the expert’s pronouncements into his own presentation and put forth the expert as a rebuttal expert.
The district court granted summary judgment for defendants, ruling that Strong lacked personal knowledge of the barriers he encountered and that his declaration was insufficient because he failed to “assert he is an ADA expert or is otherwise qualified to opine whether certain conditions constitute barriers within the meaning of the Act.”
Discussion
There is no dispute that Strong is disabled, that the restaurant is covered by the ADA or that the restaurant qualifies as new construction under 42 U.S.C. § 12183(a)(1). The only question is whether any barriers interfered with Strong’s ability “ ‘to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations’ ” of the restaurant.[2] Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir.2011) (en banc) (quoting 42 U.S.C. § 12182(b)(1)(A)®).
Strong’s declaration states as follows: The barriers that I encountered included, but are not limited to the following: (1) disabled parking spaces that have slopes that exceeding [sic] 2.0%; (2) access aisles next to those spaces that have slopes exceeding 2.0%; (3) no International Symbol of Accessibility (“ISA”) on those spaces; (4) sidewalk slopes exceeding 2.0%; (5) no accessible seating designated for the disabled; (6) There is no accessible seating to [sic] the disabled; (7) no handle mounted below the lock of the water closet stall door; (8) insufficient clear floor space in front of the water closet; (9) pipes underneath the lavatory that were improperly and/or incompletely wrapped; and (10) insufficient strike side clearance when exiting the restroom.
*1045 The district court refused to consider Strong’s evidence because it found that he didn’t have personal knowledge. But the requirement of personal knowledge imposes only a “minimal” burden on a witness; if “reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness’s testimony is admissible.” See 1 McCormickon Evidence § 10 (Kenneth S. Broun, ed., 7th ed. rev.2013). At summary judgment, the threshold is particularly low because all “justifiable inferences” must be drawn in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We’ve held, for example, that a plaintiff’s verified complaint satisfies the personal knowledge requirement where the “allegations were not based purely on ... belief.” Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995); see also Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc., 944 F.2d 1525, 1529 (9th Cir.1991) (declaration not sufficient because “not based on personal knowledge, but on information and belief’).
Here, Strong states under penalty of perjury that these were “[t]he barriers that I encountered.” If believed by the trier of fact, this would certainly be sufficient to support a finding of personal knowledge. Though Strong could not himself handle the instruments used to make measurements, he was “present” while the measuring took place and knew which tools were used:
While I am not able to take measurements myself, I was present while another individual took measurements and photographs of the barriers present at the subject restaurant. That individual brought a gauge to measure door pressure, a measuring stick, a stop watch, and a Smart Tool device that measures slopes so that precise measurements of all the barriers could be taken.
The dissent’s hearsay concerns are misplaced. Dissent at 1048. While some of what Strong says may be hearsay, much purports to reflect his own observations as his companion measured the barriers in his presence. That another person holds the ruler does not deprive an observer of personal knowledge of the measurement, and Strong says he was present as the measurements were taken. See Fraser v. Goodale, 342 F.3d 1032,1037 (9th Cir.2003) (“The contents of the diary are mere recitations of events within Fraser’s personal knowledge and, depending on the circumstances, could be admitted into evidence at trial in a variety of ways.”).
Even without precise measurements, Strong could support his case based on his own personal experience with the barriers. He states in a sworn declaration that, on five separate occasions, he encountered parking spaces, access aisles and sidewalks with slopes exceeding 2.0%. It was only after he experienced these obstacles that Strong sought assistance in measuring them, which he did to “document and verify those barriers.” These measurements confirmed what Strong had already discovered through his personal observations: Peter Piper Pizza was not “readily accessible” to a person in a wheelchair. Under Anderson v. Liberty Lobby, Strong’s declaration suffices to show personal knowledge for purposes of parrying defendants’ push for summary judgment. He would no doubt present a more powerful case at trial if he could proffer evidence of precise measurements, but his personal observations, based on his prolonged experience with ADA-compliant (and non-compliant) access ramps, are enough to propel him past summary judgment.
The dissent argues that Strong is entitled- to go to trial only on the claims that are based on “testimony about his own observations of the signage and the config *1046 uration of the restroom,” but not on those that are “dependent” on the measurements taken in Strong’s presence. Dissent at 1048. But which claims are “dependent” on such measurements? The dissent doesn’t say, nor can it. The ten allegations we cite on page 1044 don’t rely on these precise measurements. Id. at 1047-48. To prevail on them, Strong need only show that the slopes exceed 2.0%, not prove up a precise measurement.
Given that so many public accommodations do comply with the ADA, it’s likely that someone like Strong, who daily navigates the world in a wheelchair, would be attuned to variations in the slope and spacing of his environment. Even without tools, Strong could say, based on his experience, that the slope exceeds the maximum of 2.0% or that there’s “insufficient clear floor space in front of the water closet,” just as a man in a wheelchair who struggles to get out of his car can say that the width of the access aisle next to his handicap parking spot is less than the required five feet. ADA Accessibility Guidelines for Buildings and Facilities § 4.6.3 fig. 9. The trier of fact may discount such personal observations, but the weight of the evidence is an issue for trial, not summary judgment.
It’s commonly understood that lay witnesses may estimate size, weight, distance, speed and time even when those quantities could be measured precisely. See 7 John Henry Wigmore, Evidence in Trials at Common Law § 1977 (James H. Chadbourn, ed., rev. ed.1978); see also Leadbetter v. Glaisyer, 44 F.2d 350, 351 (9th Cir.1930) (“Any person of average intelligence, accustomed to observing moving objects, is able to express an opinion of some value as to the rate of speed of an automobile or other moving vehicle.... The opinion might not be so accurate and reliable as that of one who had been accustomed to observe, with time piece in hand, the motion of an object-of such size and momentum; but this would only go to the weight of the testimony, and not to its admissibility.” (internal quotation marks omitted)); Nelson v. City of Davis, 685 F.3d 867, 874, 881, 882 (9th Cir.2012) (estimating distance); Young v. Illinois Cent. Gulf R.R., 618 F.2d 332, 337 (5th Cir.1980) (abuse of discretion not to allow lay witness estimates of width of rail crossing).
In light of this caselaw, we cannot read Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1048 (9th Cir.2008), as prohibiting any and all claims based on personal observation in ADA cases; there can be no separate rules of evidence applicable to a single statute. Rather, we read Doran as rejecting plaintiffs testimony as insufficiently probative of the width of the aisles. Plaintiff could, after all, have scraped his knuckles on the side of an ADA-compliant aisle when he drove his wheelchair too close to one side or the other.
The district court also ruled Strong’s evidence insufficient because Strong “does not assert he is an ADA expert or is otherwise qualified to opine whether certain conditions constitute barriers within the meaning of the Act.” But these are not the kind of facts for which expert testimony is necessary. The Federal Rules of Evidence permit an expert to provide his opinion if “the expert’s scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.” Fed.R.Evid. 702(a). “If the matter testified to is within the knowledge of jurors,” we’ve held expert testimony is not appropriate. United States v. Christophe, 833 F.2d 1296, 1299 (9th Cir.1987).
The ADA was enacted as a boon to disabled people, not expert witnesses. Specialized or technical knowledge is not required to understand Strong’s straightforward assertions. A jury is perfectly *1047 capable of understanding that there is “no handle mounted below the lock of the water closet stall door” or that the slope of the sidewalk exceeds 2.0%. And an expert witness is not permitted, much less required, to instruct the jury on the law of ADA compliance. See, e.g., United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir.1993) (“It is well settled ... that the judge instructs the jury in the law____ The court’s admission of expert testimony on contested issues of law in lieu of instructing the jury was manifestly erroneous.”).
The district court further erred by penalizing Strong for not providing proof that “the removal of the barriers is readily achievable.” The “readily achievable” standard applies only to buildings constructed prior to January 26, 1993. Compare 42 U.S.C. § 12182(b)(2)(A)(iv), with 42 U.S.C. § 12183(a); see also Long v. Coast Resorts, Inc., 267 F.3d 918, 923 (9th Cir.2001). The district court recognized— and the parties do not dispute — that the restaurant qualified as new construction. The ADA requires that new construction be “ ‘readily accessible to and usable by individuals with disabilities.’ ” Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1171 (9th Cir.2010) (quoting 42 U.S.C. § 12183(a)(1)). There’s no requirement that removal of barriers found in new construction be “readily achievable.” New construction should have been built to ADA standards unless Peter Piper Pizza can prove that “it [was] structurally impracticable to meet the requirements.” 42 U.S.C. § 12183(a)(1); Long, 267 F.3d at 923.
Conclusion
The district court abused its discretion in discounting Strong’s evidence as lacking personal knowledge and constituting improper expert testimony. And it erred in requiring a showing that removal of any barriers was “readily achievable.”
REVERSED and REMANDED for trial.

. The other counts allege violations under (1) California Civil Code § 54; (2) the Unruh Civil Rights Act, Cal. Civ.Code § 51; and (3) California Health & Safety Code § 19955 et seq.

. The state-law claims incorporate the ADA requirements.