**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

DAVID GARCIA,

      Plaintiff-Appellant,

v.

BERNALILLO COUNTY SERGEANT
ESCALANTE; BERNALILLO COUNTY
SHERIFF'S OFFICER, R. GARCIA,

      Defendants-Appellees.

No. 13-2093
(D.C. No. 1:12-CV-00265-LFG-KBM)
(D. N.M.)

_____

**ORDER**

_____

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Appellee's petition for rehearing is denied.

The petition for rehearing en banc was transmitted to all of the judges of the court

who are in regular active service. As no member of the panel and no judge in regular

active service on the court requested that the court be polled, that petition is also denied.

The order and judgment issued February 6, 2014, is withdrawn, and the attached

amended order and judgment is issued nunc pro tunc February 6, 2014.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

February 6, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID GARCIA,

      Plaintiff-Appellant,

v.

BERNALILLO COUNTY SERGEANT
ESCALANTE; BERNALILLO
COUNTY SHERIFF'S OFFICER,
R. GARCIA,

      Defendants-Appellees.

No. 13-2093
(D.C. No. 1:12-CV-00265-LFG-KBM)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

Plaintiff David Garcia appeals the district court's order granting summary

judgment to Bernalillo County Sheriff's Officer R. Garcia and his supervisor, Sergeant

Escalante, on Plaintiff's civil-rights claims under 42 U.S.C. § 1983. Plaintiff asserted

claims that his Fourth Amendment rights were violated by an unreasonable search and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

arrest and by his prosecution without probable cause, and that his First Amendment rights were violated when he was arrested in retaliation for protected speech. The magistrate judge, sitting by consent of the parties, *see* 28 U.S.C. § 636(c), granted Defendants' motion for summary judgment, ruling that, based on the undisputed facts, Defendants were entitled to qualified immunity on all claims because there had been no constitutional violation. We have jurisdiction under 28 U.S.C. § 1291. We hold that there is a genuine dispute of material fact regarding whether Defendants had probable cause to arrest and charge Plaintiff, and therefore reverse on the Fourth Amendment claims. We affirm on the First Amendment claims, however, because Plaintiff presented no evidence of a retaliatory motive. Plaintiff does not challenge on appeal the adverse ruling on his unlawful-search claim.

## BACKGROUND

In March 2009, Plaintiff entered a New Mexico state courthouse with a metal vial attached to his key chain. Officer Garcia, working security, opened the vial and found a number of pills, including hydrocodone pills. The parties do not dispute that hydrocodone is a controlled substance, or that Plaintiff's mother, who was with Plaintiff, left the courthouse with another officer, Officer McCauley, and returned with prescription records. The parties do dispute, however, whether any of the prescriptions was for hydrocodone. Officer Garcia arrested Plaintiff for possessing a controlled substance without a valid prescription, *see* N.M. Stat. Ann. § 30-31-23(A) ("It is unlawful for a person intentionally to possess a controlled substance unless the substance

2

was obtained pursuant to a valid prescription . . . ."), and later filed a criminal complaint. The charge was eventually dismissed.

Plaintiff's complaint alleged that Officer Garcia lacked probable cause to arrest him because at the time of his arrest he and his mother provided Officer Garcia with a valid prescription for the hydrocodone. Defendants moved for summary judgment based on Officer Garcia's affidavit stating that Plaintiff did not have a valid prescription for hydrocodone with him at the time of his arrest. In response, Plaintiff relied upon his deposition testimony and documents showing that he had filled hydrocodone prescriptions on three occasions before his arrest (in October 2007, January 2008, and February 2008) and twice after his arrest (in April and September 2009). We quote the relevant deposition testimony. When asked if he had provided the January 2008 prescription to Officer Garcia, Plaintiff answered:

> This exact label? Or – I have a label that I did provide that looks very similar. I did not provide a bottle. I did provide a label, a label that had this exact same information on it. Maybe not the exact date, but, you know, the date proves – actually, it must have been – well, no, it wasn't from this date. And it was from this date; and then even after this incident, I was still prescribed hydrocodone.

R. Doc. 41-5 at 5. Later in the deposition he was shown Exhibit M (which consisted of six prescriptions, none for hydrocodone, that had been tagged into evidence at his arrest) and was asked about the absence of a hydrocodone prescription:

> Q. . . . After you got arrested, your mom left the courthouse to go obtain a copy of your prescriptions. Is that correct?
> A. Followed by Officer McCauley, correct.

Q. Okay. And she provided, then, some documentation to law enforcement about your prescriptions, the pills that were contained in the vial.
A. She brought back – yes, she did, in fact, bring back this information, what you're presenting in Exhibit M.
Q. Okay.
A. But it's not complete.
Q. You're saying she brought back an additional prescription that's not contained in Exhibit M?
A. Let me – Let me go ahead and go through them. My attorney did. Okay. Correct. Hydrocodone was provided.
Q. So you're saying a prescription for hydrocodone was provided.
A. That is correct.
***
A. *. . . Well, I'm telling you that hydrocodone was, in fact, provided.*
Q. *You're saying a prescription for hydrocodone was provided.*
A. *Correct.*

R. Doc. 41-5 at 6 (emphasis added).

The magistrate judge ruled that Plaintiff failed to submit any admissible evidence that he or his mother provided a valid prescription for hydrocodone to Officer Garcia. He concluded that it was "undisputed" that Officer Garcia "discovered that [Plaintiff] possessed a controlled substance without a valid prescription for the medication," and therefore he had probable cause to arrest Plaintiff. R. Doc. 63 at 15. He also ruled that Plaintiff had presented no evidence that his arrest was in retaliation for his exercise of First Amendment rights. Accordingly, the magistrate judge granted summary judgment to Defendants. Plaintiff filed a Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e), but it was denied.

4

"Qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Romero v. Story*, 672 F.3d 880, 882 (10th Cir. 2012) (internal quotation marks omitted). "When a [§ 1983] defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Courtney v. Okla. ex. rel, Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013) (internal quotation marks omitted). The magistrate judge based his summary judgment on Plaintiff's failure to make the first showing, so he did not need to address whether the applicable law was clearly established. We review the magistrate judge's grant of summary judgment de novo. *See id*.

"[A]n officer may make a warrantless arrest if there is probable cause to believe a criminal offense has been or is being committed." *Id*. at 1225. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id*. (internal quotation marks omitted). On appeal Plaintiff contends that he presented evidence sufficient to create a genuine issue of

material fact on whether the prescriptions provided to Officer Garcia included one for

hydrocodone, and thus whether there was probable cause to arrest him.[1]

It is unclear why the magistrate judge decided that Plaintiff had presented no

admissible evidence that his mother had provided the officers a hydrocodone

prescription. The magistrate judge wrote: "There is no affidavit statement from

Plaintiff's motion in support of [his] assertions, and a party may not rely on hearsay." R.

Doc. 63 at 8. But Plaintiff's deposition testimony was not hearsay. It was based on his

personal knowledge, just as much as Officer Garcia's contrary affidavit was based on *his*

personal knowledge of what Plaintiff's mother showed the officers. There is no reason to

believe that Plaintiff could not see the documents provided by his mother to the officers.

A sworn statement from his mother was not required. At summary judgment, "evidence

---

[1]     In contravention of Fed. R. App. P. 30(a)(1)(B) and (C), and 10th Cir. R. 30.1(A)(1) and 10.3(D)(2), Plaintiff's Appendix fails to include any of the orders being appealed or many of the briefs filed in the district court related to the issues he raises on appeal, including his response to the motion for summary judgment, Defendants' reply thereto, Defendants' motion for bill of costs, or Plaintiff's response thereto. Further, in contravention of Fed. R. App. P. 30(d), Plaintiff's Appendix failed to present the record in the Appendix chronologically. As examples, the transcript of Plaintiff's deposition found in the Record at Doc. 41-5, was placed in the Appendix between R. Docs. 37 and 38, *see* Aplt. App. at 95-106, and R. Doc. 41 was placed in the Appendix before Doc. 39, *see* Aplt. App. at 114, 134. Finally, the end of the Appendix is not numbered consecutively. *See* Aplt. App. at 224-38.
     Counsel for Defendants supplemented the record, and we accessed other missing pleadings through the district court's docket. But we admonish counsel for Plaintiff that "[i]t is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal." *Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995). "Our procedural rules should not be considered empty gestures, as we have repeatedly enforced them." *Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 910 (10th Cir. 2009) (brackets and internal quotation marks omitted).

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Corroboration is unnecessary.  Further, "if 'reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible." *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) (quoting 1 McCormick on Evidence § 10 (Kenneth S. Broun, ed., 7th ed. rev. 2013)).

Defendants argue that even if Plaintiff's mother had given Officer Garcia the January or February 2008 prescriptions for hydrocodone, they would not have been valid prescriptions.  Defendants rely on 21 U.S.C. § 829(b), which states that prescriptions for a controlled drug such as hydrocodone "may not be filled or refilled more than six months after the date thereof."  But Plaintiff was not trying to fill a prescription.  He was simply showing that his drugs had been obtained with a prescription.  The statute cited by Defendants does not require the patient to consume all the medication within six months of the prescription date.  In our view, Plaintiff submitted sufficient evidence to support his claim that his arrest was without probable cause.

Defendants also argue that they are entitled to qualified immunity because the applicable law was not clearly established at the time of Plaintiff's arrest and prosecution.  We leave that question for the district court in the first instance.  We further note that because there are disputed facts about what prescriptions were presented by Plaintiff's mother, Plaintiff is not entitled to summary judgment on the validity of his arrest and prosecution.

7

Finally, we hold that the magistrate judge correctly ruled that Plaintiff failed to produce evidence that his arrest was in retaliation for exercising his First Amendment rights. He asserts in his pleadings that the officers were retaliating against him because he had said that he had come to the courthouse to file a lawsuit against other law-enforcement officers. But the deposition testimony on which he relies says only that he told the officers that he had come to file a lawsuit — with no mention of whom he was suing.

Plaintiff's motion to proceed in forma pauperis is granted. Defendants' motion for sanctions and Plaintiff's motion to expand and modify the record are denied. We affirm the judgment below on Plaintiff's First Amendment claims but reverse and remand for further proceedings on his Fourth Amendment claims. The district court may reconsider whether to grant further discovery.

Entered for the Court

Harris L Hartz
Circuit Judge

8