**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL ROCCA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DEN 109 LP, DBA Denny's #7425; FRITZ MOLLER; GEISELA MOLLER, <br><br> Defendants-Appellees. | Nos.  15-56407 <br>  15-56643 <br><br> D.C. No. <br> 2:14-cv-00538-ODW-MRW <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

Before:  PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Michael Rocca appeals the district court's judgment in favor of the

defendants-appellees ("Denny's") on five alleged violations of the Americans with

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Disabilities Act ("ADA") and related state law.[1] Rocca also appeals the district court's order denying attorney's fees under the California Disabled Persons Act. Cal. Civ. Code § 55. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment on the merits, but reverse and remand the order denying attorney's fees.[2]

**1.** The district court did not err in concluding that Rocca lacked standing to challenge the three parking related barriers. We review de novo issues of standing and for clear error underlying factual findings. *Preminger v. Peake*, 552 F.3d 757, 762 n.3 (9th Cir. 2008). The district court held that Rocca lacked standing because he was not injured by any of those violations on his one visit, as he parked with no problem. The district court also found Rocca neither intended to return nor was deterred from doing so. The district court so concluded on the basis of the scant evidence of either mindset and its determination that Rocca was not credible.

We reject Rocca's challenge to the district court's findings. There was no legal error, and the court's underlying factual determinations were not clearly erroneous. *See D'lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035, 1039-40 (9th Cir. 2008).

---

[1] At oral argument, Rocca withdrew his sixth claim regarding the paper towel dispenser. *See* Oral Argument at 0:53, *Rocca v. Den 109.*, No. 15-56407, 15-56643, *available at* https://www.youtube.com/watch?v=UF2_CDsOr_I.

[2] With this disposition, we deny Denny's motion to take judicial notice as unnecessary.

In particular, the district court found Rocca not credible because his stated purpose for visiting Denny's (a convenient stop en route to the beach), contradicted his true purpose ("to identify potential ADA violations") in light of Rocca's inconvenient route. The district court did not find Rocca not credible because he was an ADA "tester," which might have been legal error, *see Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-75 (1982); rather, the district court found Rocca not credible because he misrepresented the purpose of his visit.[3]

Because an ADA plaintiff seeking injunctive relief must show either an intent to return or deterrence from doing so to establish standing, and the district court did not err in finding that Rocca failed to show either, the district court did not err in concluding that Rocca lacked standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) (en banc).

**2.** The district court also did not err in finding that Rocca failed to prove that the alleged unclear maneuvering space and insufficiently wrapped pipes in the

---

[3] The district court also did not err in finding it implausible that Rocca would return to Denny's because it was far from his home. Unlike plaintiffs in ADA cases where we found an intent to return to a business located far from the plaintiff's home, Rocca did not testify that he had an intent to return, let alone provide detailed reasons for the long distance visit such as a regular business trip, an annual amusement park visit, or a family member nearby. *See D'Lil*, 538 F.3d at 1038-39; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040-41 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135, 1137-38 (9th Cir. 2002).

men's restroom violated the ADA. We review for clear error the district court's findings of fact and de novo its conclusions of law following a court trial. *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 802 F.3d 1049, 1061 (9th Cir. 2015).

Although an ADA plaintiff may testify about barriers and need not present precise measurements or utilize experts to prevail, the district court is entitled to discount that testimony if the court finds the witness not credible. *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068-69 (9th Cir. 2015) (citing *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1046-47 (9th Cir. 2013)). The only evidence regarding the size of the maneuvering space was Rocca's testimony. Having found that Rocca's testimony was not credible, the district court did not err in concluding that Rocca failed to prove the ADA violation. We also cannot say that the district court clearly erred in finding that the pipes beneath the sink were sufficiently wrapped as the only non-testimonial evidence, the photographs, supported the court's finding.

**3.** The district court erred, however, in denying Rocca's request for attorney's fees. The district court erred in expressing skepticism as to whether Rocca was the prevailing party. As a result of the district court's grant of summary adjudication for Rocca on three claims and a post-trial judgment on one claim, Denny's was legally obligated to remedy the violations, and Rocca was therefore the prevailing

4

party.  *See Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1137 (9th Cir. 2002).  The district court also erred in denying fees because Rocca had filed similar lawsuits in the past and attorney tasks required to litigate this case should have required less time.  A plaintiff's other lawsuits are not a part of the record, and fees should not be denied outright for excessive or duplicative attorney tasks.  *Jankey v. Poop Deck*, 537 F.3d 1122, 1132-33 (9th Cir. 2008).

Although Denny's could argue that the amount of any fee award should be reduced as a result of Rocca's limited success or excessive fees, that is not a basis for the outright denial of fees.  *See* Cal. Civ. Code § 55 (providing for "reasonable" attorney's fees).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

**THE PARTIES SHALL BEAR THEIR OWN COSTS ON APPEAL.**