NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK WILLITS, on behalf of themselves and all others similarly situated; JUDY GRIFFIN, on behalf of themselves and all others similarly situated; BRENT PILGREEN, on behalf of themselves and all others similarly situated; COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, ("Calif") on behalf of themselves and all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, a public entity, <br><br> Defendant-Appellee. | No. 17-56445 <br><br> D.C. No. 2:10-cv-05782-CBM-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and CARDONE,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Plaintiffs appeal the district court's order denying their Motion for a Supplemental Award of Reasonable Attorneys' Fees, Costs, and Expenses (the "Second Motion"). For the reasons that follow, we affirm.

1. The City of Los Angeles (the "City") argues that we lack jurisdiction because the Second Motion was untimely. We disagree. "[A]n order on attorneys' fees is collateral to, and separately appealable from, the judgment." *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011). "[I]n a civil case . . . the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after entry of the judgment or the order appealed from." Fed. R. App. P. 4(a)(1)(A). Plaintiffs filed their notice of appeal with the district court within thirty days of the order challenged on appeal, and we have jurisdiction under 28 U.S.C. § 1291.

2. The district court did not abuse its discretion by denying the Second Motion. *See Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015).

Plaintiffs sought the maximum fee award the parties' settlement agreement allowed in their first motion for attorneys' fees and costs—$15 million. The district court did not award the maximum, but did award $11,803,496.84 in fees and costs. In denying the Second Motion, the district court found that Plaintiffs' counsel had affirmatively and expressly represented to the court, in connection with the first motion, that there would be only one fee application. This finding is supported by

the record. In these circumstances, the district court was within its discretion to deny the Second Motion.

3. Plaintiffs' Second Motion also asked the district court to grant taxable costs. The district court observed that Plaintiffs' Rule 54 Application to Tax Costs ("Rule 54 Application") was pending with the clerk, and denied Plaintiffs' request on that basis. Under Rule 54 and the Local Rules of the Central District of California, the clerk, not the district court, must make an initial determination of taxable costs. Fed. R. Civ. P. 54(d)(1); C.D. Cal. L.R. 54-2.

However, Plaintiffs filed their Rule 54 Application nearly three years ago, and the district court clerk has yet to act upon it. This delay is unreasonable. Within sixty days of the date of this order, the clerk shall either act upon the application or explain, in writing, the reasons for not doing so.

**AFFIRMED.**