NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVANA KIROLA, On Behalf of Herself and The Certified Class of Similarly Situated Persons,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.,<br><br>            Defendants-Appellees. | No.   21-15621<br><br>D.C. No. 4:07-cv-03685-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted February 15, 2023
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Ivana Kirola ("Kirola"), on behalf of herself and a certified class of

mobility-impaired individuals (collectively, "plaintiffs"), appeals from the district

court's grant of judgment to the City and County of San Francisco ("the City") on

remand from this court. *See Kirola v. City & County of San Francisco*, 860 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1164 (9th Cir. 2017). We affirm in part, reverse in part, and remand for further proceedings.

1. The district court found that the plaintiffs proved multiple Americans with Disabilities Act ("ADA") violations. Specifically, the district court found multiple ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") violations at the Main Library, the lack of an ADAAG-compliant route at St. Mary's Playground,[1] and a missing grab bar in a restroom in Golden Gate Park.[2] We remand for the district court to determine injunctive relief tailored to these violations.

The district court's reasoning does not support denying relief entirely. Although the district court was concerned that Kirola, the sole class representative,

---

[1] The plaintiffs' contention that the district court failed to address other purported ADAAG violations at St. Mary's Playground lacks merit. Contrary to the plaintiffs' contention, the district court did address the bridgeway barriers. Moreover, the district court's finding that St. Mary's Playground "lacks an accessible route" appears to encompass the expert testimony about the lip to the entrance to the play equipment, which the expert testified would "render th[e] path of travel inaccessible." The plaintiffs do not develop an argument to the contrary.

[2] The plaintiffs argued at oral argument that the district court also found ADAAG violations in its prior findings of fact and conclusions of law, *Kirola v. City & County of San Francisco*, 74 F. Supp. 3d 1187 (N.D. Cal. 2014). Although the district court acknowledged there that lipped curb ramps do not conform to ADAAG requirements and noted that "some legacy curb ramp lips still exist," *id.* at 1206 n.4, this does not amount to a finding that the plaintiffs proved ADAAG violations because it does not account for whether these existing lip ramps were built after January 26, 1992, such that the ADAAG applied.

2

had not personally encountered any of the ADAAG violations that the plaintiffs ultimately proved at trial, that takes too narrow a view of injunctive relief under the ADA. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (holding that an ADA plaintiff "need not necessarily have personally encountered all the barriers that [] bar his access to [a facility] in order to seek an injunction to remove those barriers"); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc) ("[W]e hold that an ADA plaintiff who establishes standing as to encountered barriers may also sue for injunctive relief as to unencountered barriers related to his disability."). Moreover, we previously held that the plaintiff class here "has standing for claims related to all facilities challenged at trial," "whether Kirola personally visited that facility or not." *Kirola*, 860 F.3d at 1176. "[A]lthough in a class-action lawsuit, as in any other suit, 'the remedy must . . . be limited to the inadequacy that produced the injury in fact that the plaintiff has established,' the 'plaintiff' has been broadened to include the class as a whole, and no longer simply those named in the complaint." *Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

Although the district court appropriately found that the plaintiffs' evidence did not warrant the sweeping class-wide relief that the plaintiffs sought, the district

court abused its discretion in denying relief for the ADAAG violations found.

2.  On remand, the district court should also consider whether the evidence at trial established ADAAG violations at the facilities listed in the plaintiffs' opposition to the motion for judgment that the district court did not address—specifically, the Bernal Heights Recreation Center, Eureka Valley Recreation Center, St. Mary's Recreation Center, Upper Noe Recreation Center, Tenderloin Recreation Center, Woh Hei Yuen Recreation Center, Minnie and Lovie Ward Recreation Center, Gene Friend Recreation Center, Joseph Lee Recreation Center, Richmond Recreation Center, and the Botanical Gardens. *See Kirola*, 860 F.3d at 1185.

3.  The plaintiffs also challenge the district court's findings as to the facilities and purported ADAAG violations the district court addressed. We review the district court's findings of fact following a bench trial for clear error, *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015), and we affirm the district court as to all but one such finding.

The district court permissibly found that the plaintiffs failed to prove ADAAG violations in the City's curb ramps because the plaintiffs did not show that any curb ramps with an ADAAG-noncompliant lip or slope were subject to the

4

ADAAG.[3]  The plaintiffs argue that the district court overlooked their expert's data analysis showing ADAAG-noncompliant curb ramps on streets resurfaced after January 26, 1992.  The plaintiffs' argument that this set of ramps was necessarily subject to the ADAAG fails.  The plaintiffs' evidence did not account for whether the resurfacing affected the crosswalk and, therefore, the usability of the street to pedestrians.  *See* 28 C.F.R. § 35.151(b), (i).  The district court did not err in its determination that resurfacings that do not affect the crosswalk do not trigger the obligation in 28 C.F.R. § 35.151(i) to provide ADAAG-compliant crosswalks.  *Kirola*, 74 F. Supp. 3d at 1207.[4]

The plaintiffs also raise three specific challenges related to the district court's library-related findings, all of which fail.[5]  First, the district court found that the plaintiffs did not prove ADAAG violations based on step stools left in—and obstructing an accessible path of travel in—library aisles.  The plaintiffs have not shown clear error in the district court's factual finding that step stools are removed from library aisles within a reasonable period of time.  Although *Chapman v. Pier*

---

[3] These requirements apply only to facilities constructed or altered after January 26, 1992.  28 C.F.R. § 35.151(a)(1), (b)(1).

[4] Because we uphold the district court's evidentiary finding regarding curb ramps, we need not reach the plaintiffs' statute-of-limitations argument.

[5] To the extent the plaintiffs challenged additional findings in their reply brief, they forfeited those arguments by failing to raise them in their opening brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

*1 Imports (U.S.) Inc.* instructs that obstructions "must be viewed systemically," the district court found that the plaintiffs' evidence did not establish "repeated and persistent" access barriers because it was not clear how many times the plaintiffs encountered obstructed aisles. 779 F.3d 1001, 1006–09 (9th Cir. 2015). Second, the district court did not err in finding that, as the Richmond Branch Library had at least one ADAAG-compliant entrance, newly constructed ramps to other entrances did not have to comply with the ADAAG's requirements for accessible entrances. The ADAAG do not require that every public entrance be accessible, *see, e.g.*, 28 C.F.R. pt. 36, app. A, § 4.1.3(8), and they contemplate that an entrance may be altered without being made accessible, *see id.* § 4.1.6(1)(h). Third, the district court permissibly found the plaintiffs' expert testimony about the Richmond Branch security gate insufficient to meet the plaintiffs' burden of proof, as the expert's testimony did not offer any basis for his conclusion that the gates exceeded the depth for "pinch points." *See Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) (noting that a plaintiff who "proffer[s] evidence of precise measurements" "no doubt present[s] a more powerful case at trial").

The plaintiffs also challenge multiple district court findings related to purported ADAAG violations in City parks, playgrounds, and recreational facilities. Contrary to the plaintiffs' contentions, the district court did not run afoul of *Kohler*, 782 F.3d at 1068–69, and *Strong*, 724 F.3d at 1045–47, when it found

6

that the plaintiffs' evidence was not specific enough to establish ADAAG violations. Although it is well established that neither expert testimony nor precise measurements are required to prove an ADAAG violation, the district court understood as much but fairly concluded that the plaintiffs had not met their burden of proof as to the purported violations at the Golden Gate Park Children's Playground, Stow Lake, Alamo Square Park, Holly Park, and the Conservatory of Flowers. *See Strong*, 724 F.3d at 1046 (noting that testimony may be insufficiently probative of an ADA violation where it does not exclude other possibilities). As to the purported violations in the Japanese Tea Garden, the district court's conclusion rested on its finding that the plaintiffs' expert testimony was not credible. The plaintiffs have not shown clear error in that finding or argued that the evidence established ADAAG violations in the Japanese Tea Garden without the expert testimony.

Next, the plaintiffs raise two challenges to the district court's pool-related findings. Given the inconsistency in the record regarding the uninsulated sink pipes, the district court did not reversibly err in finding no violation at Coffman Pool. As to the MLK Pool restroom stall door latch, the district court should reconsider on remand whether the plaintiffs proved an ADAAG violation in light of ADAAG § 4.13.9. *See* 28 C.F.R. pt. 36, app. A, § 4.13.9 (providing that a door latch must "not require tight grasping [or] pinching").

4.     Finally, we disagree with the plaintiffs that the district court erred in failing to consider current conditions. Similarly, the district court has no obligation to consider new evidence of new violations on remand.[6]

To clarify what should occur on remand, the district court should first issue injunctive relief as to the ADAAG violations it found in its 2021 order. The district court should then evaluate the evidence of alleged violations in the facilities listed above in paragraph 2 and the evidence regarding the MLK Pool restroom stall door latch. If the district court finds any further ADAAG violations, the district court should revisit the question of injunctive relief that is systemwide or tailored to any additional violations found.[7]

**AFFIRMED in part, REVERSED in part, and REMANDED.[8]**

---

[6] The plaintiffs again request that the case be reassigned on remand. Because the "rare and extraordinary circumstances" meriting reassignment are not present here, we decline to reassign this case. *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013).

[7] The request for judicial notice, Dkt. 12, is **denied**.

[8] The parties shall bear their own costs on appeal.