NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TUG CONSTRUCTION, LLC, a Washington limited liability company,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>HARLEY MARINE FINANCING, LLC, a Delaware limited liability company,<br><br>Defendant-Appellant. | No.   22-36049<br><br>D.C. No. 2:19-cv-00632-BAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted February 6, 2024
Portland, Oregon

Before:  McKEOWN, BYBEE, and BRESS, Circuit Judges.

This appeal concerns the cost of repairs on five tugboats and which entity—the owner or the charterer—should shoulder it. Tug Construction, LLC ("Tug") owned the newly constructed tugboats ("Vessels") and chartered them to Harley Marine Financing, LLC ("HMF"). The Bareboat Charter Agreements required

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

HMF to return the Vessels to Tug after the charter term "in the same good condition . . . less ordinary wear and tear." To determine the "same good condition," the Bareboat Charter Agreements required on-hire and off-hire surveys. The "method" for the on-hire survey needed to include "written and photographic documentation." Tug claimed that HMF did not return the Vessels "in the same good condition . . . less ordinary wear and tear."

After a five-day bench trial, relying in part on the expert testimony of William Kelley, the trial court found "that Defendant HMF breached each of the Bareboat Charter Agreements by first failing to redeliver each of the Tugboats in the condition required under the Bareboat Charter Agreements."

We review the trial court's factual findings for clear error. *See Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015). The parties agree that the clearly erroneous standard applies to the trial court's determination that the Vessels were not returned in the "same good condition . . . less ordinary wear and tear." "Special deference is paid to a trial court's credibility findings." *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 576 (9th Cir. 1995), *aff'd* 517 U.S. 830 (1996).

The trial court's determination that the parties conducted an on-hire survey under the Bareboat Charter Agreements was not clearly erroneous. Both parties agree that a representative for HMF, Brian Appleton, was present for the construction and testing of the Vessels and documented his inspections with

2

photographs and reports. The Vessels were not, however, drydocked and further inspected after being tendered to HMF. Tug argues that Appleton's inspections and documentation qualified as an on-hire survey; HMF argues that they did not. The trial court agreed with Tug. Because the Bareboat Charter Agreements specified only that the on-hire survey include written and photographic documentation, there was no clear error in finding that Appleton's inspections qualified as an on-hire survey.

There was likewise no clear error in the trial court's determination that HMF failed to return the Vessels "in the same good condition . . . less ordinary wear and tear." Multiple witnesses testified that the inspections and testing of the Vessels were more rigorous than typical on-hire surveys of mature or used tugboats. After hearing all the testimony, the trial court found, "For newly constructed vessels that have been accepted for bareboat charter following inspection during construction, launch, and sea trials, another dry-dock inspection is normally not performed following sea trials." Further, HMF provides a weak alternative hypothesis that the damage occurred as the Vessels were removed from the drydock after construction, during sea trials, or in the weeks or months that the Vessels sat in the water before being delivered to HMF. The trial court found this theory to be "unsupported." We find no clear error.

Nor did the trial court err by crediting Kelley's testimony. HMF argues that Kelley's expert reports contained a false statement about HMF's liability for engine repairs on one of the tugboats, and, therefore, his testimony should have been discredited in full. Yet, HMF was not ordered to pay the engine repair damages because Tug abandoned the claim. Thus, the particular alleged falsehood was not material to the decision below. HMF invokes the *falsus in uno, falsus in omnibus* maxim. This allows a court to discredit a witness's entire testimony, but it does not require a court to do so. *See Hughes v. Rodriguez*, 31 F.4th 1211, 1219 n.2 (9th Cir. 2022). Here, the trial court expressly found that Kelley was credible. Even accepting HMF's characterization of Kelley's allegedly false statement, we find no error in the court's reliance on Kelley's opinions, which trial court found to be well supported. Thus, we conclude that there was no reversible error.

**AFFIRMED.**